HONSTAIN, APPELLANT, *v.* BOARD OF COUNTY COMMIS-
SIONERS OF RICHLAND COUNTY, RESPONDENT.

(No. 3,658.)

(Submitted May 11, 1916.   Decided June 2, 1916.)|

[158 Pac. 476.]

*Intoxicating   Liquors—License—Renewal—Procedure — Burden
of Proof—Transfer—Number of Saloons—Statutes.*

Intoxicating Liquors—License—Transfer—Appeal—Moot Questions.
·1.   Where, after an appeal from a judgment affirming a decision of
the county commissioners refusing an application for the renewal of
a liquor license, the county in question became subject to the local
option statute, the appeal *held* to present only moot questions, inas-
much as a new trial, if error occurred, would not avail appellant.

Same—Application for License—Contest—Nature of Proceeding—Parties.
2.   Upon a contested application for a retail liquor license, the pro-
ceedings are analogous to a trial, the applicant being the plaintiff, the

contestants the defendants, and the board of county commissioners the tribunal which hears the contest.

Same—Board of County Commissioners—Discretion—Burden of Proof.

3. Before the discretion of a board of county commissioners can be appealed to in the matter of an application for a retail liquor license, it must appear affirmatively that it has the power to act, the applicant having the burden of proof.

Same—License—Renewal—Refusal—Appeal—Trial *De Novo.*

4. On appeal to the district court from the decision of a board of county commissioners refusing an application for the renewal of a saloon license, the cause is tried *de novo,* and the relative situation of the parties is the same as before the commissioners, it being incumbent upon appellant to make out his *prima facie* right to a license before invoking the discretion of the court.

Same—License—Transfer—Statutes.

5. Though, under Chapter 35 of the Laws of 1913, a retail liquor license is negotiable and transferable within the county of its issuance, a purchaser of such a license entitling the holder to engage in the saloon business in the town of J. may not, by virtue of such license, undertake to carry on the same business in the town of F., in the same county, where the maximum number of saloons allowed by law was already being conducted.

[As to validity of statute, ordinance or order limiting the number of saloons in municipality, see note in **Ann. Cas. 1913E, 365.**]

*Appeal from District Court, Richland County; C. C. Hurley, Judge.*

APPLICATION by I. S. Honstain for the renewal of a saloon license. From a judgment of the district court ·affirming the decision of the county commissioners refusing the petition, the petitioner appeals. Affirmed.

Cause submitted on brief of Counsel for Appellant.

*Mr. R. O. Lunke* and *Mr. Henri J. Haskell,* for Appellant.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In November, 1913, a license to engage in the saloon business at Java was granted to John Steele. On the same day Steele assigned and transferred the license to I. S. Honstain, who employed it to engage in the saloon business at Fairview. When the license expired in June, 1914, Honstain applied for a renewal. A protest was presented, a hearing had, and the license

refused.   Honstain appealed from the decision of the county commissioners, but the district court likewise refused his petition, and from the adverse judgment he appealed to this court.

After the appeal was perfected, Richland county, by a vote of [1] the electors, became subject to the local option statute, and it is now unlawful for anyone to engage in the retail liquor business in that county.   This appeal, therefore, presents only moot questions, aside from the consideration of the subject of costs.   If the trial court erred, we cannot order a license to issue in violation of the local option law, and a new trial would be unavailing to appellant.   Our investigation of the merits will be limited to determining whether the judgment, in so far as it awards costs against the appellant, shall stand.

It is the rule in this state that upon a contested application [2] for retail liquor license the proceedings are analogous to a trial.   The board of county commissioners is the tribunal which hears the contest; the applicant for the license is the plaintiff, and the protestants against its issuance are the defendants. (*State ex rel. More* v. *District Court*, 49 Mont. 577, 143 Pac. [3, 4] 1193.)   Within the compass of its jurisdiction the board may exercise wide discretion, but its jurisdiction is limited, and before any appeal can be made to its discretion it must appear affirmatively that it has the power and authority to act, and the applicant for the license has the burden of proof.   Upon appeal to the district court the Practice Act applicable to appeals from a justice court is invoked (sec. 3, Chap. 35, Laws 1913).   The cause is tried *de novo,* and the relative situation of the contending parties is the same as before the commissioners.   The burden was therefore upon the appellant to make out his *prima facie* right to a license, before any appeal to the court's discretion could be made, and in this respect he failed.

Section 1 of Chapter 35, above, limits the number of saloon licenses which may be issued to one license to every 500 [5] inhabitants of the city or town where the business is to be carried on, provided that in any city or town two licenses may be issued.   The testimony before the trial court discloses

that at the date of appellant's application and the hearing before the board of commissioners Fairview was an unincorporated town. The number of its inhabitants is left altogether uncertain, but it cannot be contended that the record discloses that it had as many as 1,000. The only legitimate inference from appellant's own testimony is that it had much less than 1,000. Two saloons were engaged in business there then, and had been for some time, so that appellant failed to disclose any right to a third license. Section 2 of Chapter 35, above, however, is invoked to aid appellant's case. That section provides: "This Act, in so far as it limits the issuance of licenses for the sale, or the offering for sale, of spirituous, malt or fermented liquors, or wine, shall not affect any person, company or corporation now regularly licensed, nor the party to whom such license may be transferred, to sell, or offer for sale, any spirituous, malt or fermented liquors, or wine, or the reissuance or transfer of a license to such persons in accordance with existing laws upon this subject." It is true that under section 2759, Revised Codes, the license issued to Steele was negotiable and transferable within Richland county, but neither of these sections authorized appellant, a resident of Fairview with its maximum number of saloons already, to go out into another section of the county, purchase a license and under it operate a third saloon in Fairview in violation of section 1. Section 2 was only intended to protect licensees and their assignees in places having more retail liquor licenses in force than the maximum allowed under Chapter 35 at the time that Act went into effect.

It is unnecessary to consider appellant's contention that he was entitled to a jury trial. He failed to make out a *prima facie* case, and there was therefore nothing to be determined by a jury.

The judgment of the district court is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.