[Civil No. 3454. Filed March 5, 1934.]

[29 Pac. (2d) 1062.]

CITY OF PHOENIX, a Municipal Corporation, Peti-
tioner, v. J. D. GREER, Respondent.

Mr. William C. Eliot and Mr. Melbourne M. Hill, for Petitioner.

Messrs. Marks & Marks, for Respondent.

LOCKWOOD, J. — City of Phoenix, a municipal corporation, hereinafter called the city, sought a writ of *certiorari* in this court to review the proceedings of the superior court of the state of Arizona, in and for the county of Maricopa, in a certain case which went to judgment in that court, wherein J. D. Greer was plaintiff, and the city was defendant.

The writ was issued, and the record certified to us shows the following facts: On the 6th of January, 1933, Greer filed a complaint in the justice court of West Phoenix precinct against the city, alleging that one of its employees negligently damaged an automobile belonging to plaintiff. The amount of damages was stated in the complaint as less than $200. The case went to trial and judgment was rendered against the city. An appeal was promptly taken to the superior court and therein, the case being heard *de novo,* the city moved to make the complaint more definite and certain by requiring it to show whether the employee, who it was alleged caused the accident, was engaged at the time in a governmental or proprietary function of the city, and the motion having been denied, demurred specially to the complaint on the ground that it did not show in what capacity such employee was engaged. This demurrer was overruled. At the trial the uncontradicted evidence showed that the employee of the city, whose action it was alleged caused the damage to Greer's car, was at the time the accident occurred, a police officer engaged in his regular line of duty. At the close of all the evidence, defendant moved for an instructed verdict, which was denied. The case was submitted to the jury, under instructions which did not refer

in any manner to the defendant's theory of the law, and judgment went against the city. Thereafter this petition was filed, it being alleged that the superior court exceeded its jurisdiction in rendering judgment.

The amount involved in the original controversy did not exceed $200. Therefore the city has no appeal from the judgment of the superior court. Article 6, § 4; Constitution of Arizona. Its only remedy, if it has one, is by *certiorari*. This writ may be granted only when two facts appear: (a) The jurisdiction of the inferior tribunal must have been exceeded; and (b) there is not an appeal or a plain, speedy and adequate remedy. Section 4391, Rev. Code 1928. The second fact, of course, is present. The question before us then is, Did the superior court exceed its jurisdiction in rendering the judgment? The theory of petitioner is that under the law of Arizona a municipal corporation is not liable for the torts of its officers or employees, committed when they are exercising a governmental and not a proprietary function of the corporation, and that whenever such fact appears, either upon the face of the pleadings or in the evidence, the trial court immediately loses jurisdiction of the case, and has no authority but to dismiss the entire matter.

With the first proposition of petitioner we agree. This court has held in the case of *Jones* v. *City of Phoenix,* 29 Ariz. 181, 239 Pac. 1030, that a municipal corporation, when acting in its governmental capacity, is immune from liability to respond in damages for negligence of its employees, unless it has expressly waived immunity or affirmed liability by proper legislative enactment. The legislature and the city have not affirmed liability in cases of this nature, and none exists.

It is claimed that the employee of the city, whose negligence plaintiff alleged caused damage to his automobile, was at the time engaged in the active

performance of his duties as a member of the police force of the city. Such work is obviously governmental in its character. We are of the opinion then, that since at the trial in the superior court there was evidence that the employee was engaged in the performance of his duty as a police officer at the time of the alleged accident, and the answer properly raised this issue, it was the duty of the court to instruct the jury upon this phase of the law, and, since it failed to do so, it was in error, as a matter of law, and were the case before us on appeal on the present record, we would undoubtedly reverse the judgment.

But an erroneous action on the part of the trial court does not necessarily mean that it acted without jurisdiction. Jurisdiction is of three kinds: (a) Of the subject matter; (b) of the person; and (c) to render the particular judgment which was given. We have discussed what is meant by jurisdiction of the subject matter very thoroughly in the case of *Tube City Min. etc. Co.* v. *Otterson*, 16 Ariz. 305, 146 Pac. 203, 206, L. R. A. 1916E 303. Therein we say:

"The test of jurisdiction is whether or not the tribunal has power to enter upon the inquiry; not whether its conclusion in the course of it is right or wrong. *Foltz* v. *Railway Co.*, 60 Fed. 316, 8 C. C. A. 635; *Board of Commissioners of Lake County* v. *Platt*, 79 Fed. 567, 25 C. C. A. 87.

"In the Foltz case the conclusion of the court was expressed in these words:

" ' "Jurisdiction of the subject-matter" is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization, to

deal with the abstract question. Nor is this jurisdiction limited to making correct decisions. It empowers the court to determine every issue within the scope of its authority according to its own view of the law and the evidence, whether its decision is right or wrong, and every judgment or decision so rendered is final and conclusive upon the parties to it, unless reversed by writ of error or appeal, or impeached for fraud.' . . .

"Whether a complaint does or does not state a cause of action, so far as it affects the question of jurisdiction, is tersely stated in the case of *Winningham* v. *Trueblood*, 149 Mo. 572, 51 S. W. 399, in a quotation from 1 Elliott, Gen. Prac. § 320, as follows:

" 'Whether a complaint does or does not state a cause of action, is, so far as concerns the question of jurisdiction, of no importance; for, if the complaint states a case belonging to a general class over which the authority of the court extends, there is jurisdiction, and the court has power to decide whether the pleading is good or bad.'

"Speaking of the question of jurisdiction, Mr. Justice JOHNSON, of the Court of Appeals of New York, says:

" 'Jurisdiction does not relate to the right of the parties, as between each other, but to the power of the court. The question of its existence is an abstract inquiry, not involving the existence of an equity (right) to be enforced, nor the right of the plaintiff to avail himself of it if it exists. It precedes these questions, and a decision upholding the jurisdiction of the court is entirely consistent with a denial of any equity (right), either in the plaintiff or in any one else. . . . Have the plaintiffs shown a right to the relief which they seek? and has the court authority to determine whether or not they have shown such a right? A wrong determination of the question first stated is error, but can be re-examined only on appeal. The other question is the question of jurisdiction.' *People* v. *Sturtevant*, 9 N. Y. (5 Seld.) 263, 269, 59 Am. Dec. 536.''

Applying this rule to the case at bar, the superior court unquestionably has jurisdiction to try cases in-

volving actions for negligence, when the existence and extent of the rule of *respondeat superior* is involved. Such was the case at bar. Whether or not the city was liable necessarily depended upon a determination of whether, as a matter of fact, the employee, whose negligence it is alleged caused the damage to plaintiff's car, was engaged in such an occupation that the doctrine of *respondeat superior* should be applied. This must be determined either from the pleadings or the evidence, or from both. We are of the opinion, as we have stated, that the trial court was in error in its determination, perhaps on the question of the pleadings, and certainly upon the instructions, as applied to the facts disclosed by the evidence. But, as we held in *Tube City Min. etc. Co.* v. *Otterson, supra,* wherever the right and the duty of the court to exercise its jurisdiction depends upon the decision of the question it is invested with power to hear and determine, its judgment, right or wrong, is impregnable to collateral attack, unless impeached for fraud. Jurisdiction of the person and to render the particular judgment, of course, existed.

For the foregoing reasons we are of the opinion that since the writ of *certiorari* is not a remedy available to the city under the law and the record certified to us, the writ heretofore issued is quashed.

ROSS, C. J., and McALISTER, J., concur.