[Civil No. 4421.   Filed February 16, 1942.]

[122 Pac. (2d) 215.]

JOHN A. DUNCAN, Superintendent of Liquor Licenses and Control of the State of Arizona, Appellant, v. ROY C. MACK, Appellee.

Mr. Joe Conway, Attorney General, and Mr. Edward P. Cline, Assistant Attorney General, for Appellant.

Messrs. Stover & Martin, for Appellee.

LOCKWOOD, C. J.—On January 4, 1941, Cedric E. Price, who was at that time the owner of a spirituous liquor license, with location at 1003 East Broadway, Tucson, Arizona, filed an application with John A. Duncan, superintendent of liquor licenses and control, defendant, to transfer such license to Roy C. Mack, petitioner, and to move its location to 3300 South

Sixth Avenue. Upon receipt of the applications by defendant, copies were forwarded to the clerk of the board of supervisors of Pima County, and duly posted at the proposed new location. On February 3 the supervisors considered the application to transfer the license to the new location, together with all protests filed against the transfer, and disapproved it. A copy of this order was transmitted to the state liquor department, and on March 19 defendant held a hearing, at which time witnesses, both approving and protesting the transfer, were heard. On March 21 defendant made an order finding that the public convenience did not require and would not be substantially served by transferring the location of the license, and ordered that the application be denied. Within ten days thereafter petitioner appealed to the superior court of Pima County, as provided by law, and a trial was had at which considerable new evidence was taken. At the close of the case the court ordered that the application of petitioner be granted, and this appeal was taken.

There are a number of questions presented by the appeal, which we will consider as seems proper. The first, and most important, is the nature of an appeal to the superior court from the decision of the superintendent of liquor licenses and control denying the issuance or transfer of a license. Sections 72–108 and 72–109, Arizona Code 1939, read, so far as material, as follows:

"*Issuance of licenses.*—(a) The superintendent shall issue a spirituous liquor license only upon satisfactory showing of the capability, qualifications, and reliability of the applicant, and that the public convenience requires and will be substantially served by such issuance. . . .

"(c) Any spirituous liquor license shall be transferable as to the person licensed or as to any location

within the same county, upon payment of a transfer fee of twenty-five dollars ($25.00) and after application in the manner provided for original application for a license. The transferee shall have the qualifications required of an original applicant. No transfer shall be made while any charge for violation of this act or a rule or regulation of the superintendent is pending, and no transfer as to location shall be made unless it is shown to the satisfaction of the superintendent that the public convenience requires and will be substantially served thereby.''

''*Revocation and suspension.*— . . . (c) The decision of the superintendent shall be final in any matter relating to the issuance, renewal, suspension, or revocation of a license, unless the person aggrieved, within ten (10) days after the date of the decision, files an appeal with the superior court of the county in which the licensed premises are located. In such appeal, the court shall hear and determine the matter *de novo,* not more than ten (10) days after the date of filing the appeal. Pending determination of the appeal, the decision and order of the superintendent shall remain in full force and effect, and may not be superseded.''

The manner of taking appeals to the superior court is governed by the provisions of sections 19–303, 19–304 and 20–707, Arizona Code 1939. These sections, so far as material, read as follows:

''*Appellate jurisdiction.*—The superior court shall have appellate jurisdiction in all actions from the courts of justices of the peace, inferior court officers and boards which are allowed by law; . . . ''

''*Manner of appeal where not otherwise prescribed.* Whenever the right of appeal to the superior court, from an officer, board or commission is granted and the manner of taking such appeal and the procedure thereon is not prescribed, the laws relating to the taking of appeals from courts of justices of the peace shall apply insofar as conformable.''

''*Trial de novo on appeal.*—Upon an appeal to the superior court from a justice of the peace, or other inferior court, the case shall be tried *de novo.*''

What is meant under our statutes by a trial *"de novo"?* The literal meaning of the word is a second time. *Parker* v. *Lewis,* 45 Okl. 807, 147 Pac. 310. Or in the same manner; with the same effect. *Powell* v. *Nevada, C. & O. Ry.,* 28 Nev. 305, 82 Pac. 96.

We have had a somewhat similar question under consideration in the case of *Davis* v. *Campbell,* 24 Ariz. 77, 206 Pac. 1078, 1081, and said, quoting from *McCall* v. *Marion County,* 43 Or. 536, 73 Pac. 1030, 75 Pac. 140:

" ' . . . The statute makes no provision as to the mode by which that question shall be tried on the appeal, and therefore the rules of practice and procedure which prevail in ordinary actions at law must be the guide. Elliott, Roads and Streets (2d Ed.) par. 362. The reasonable presumption is that when the Legislature gave the right of appeal, and made no provision for the procedure thereon, it meant that the practice in ordinary actions and proceedings in the circuit court should apply. The cause on appeal must be tried as an ordinary action at law, without formal pleadings, however, and must necessarily result in a judgment either for or against the appellant.' "

It has always been the practice in Arizona in appeals from a justice court to a superior court that the case be tried as though it were one of original jurisdiction in the superior court, and in *Burris* v. *Davis,* 46 Ariz. 127, 46 Pac. (2d) 1084, we have held that to be the correct rule in considering similar language in regard to criminal appeals, 44–2604, Arizona Code 1939. It would, therefore, seem to be the law of Arizona that on a trial *de novo,* where by our statute an appeal is allowed from the action of an administrative board to the superior court, in the absence of a specific statute to the contrary, the case should be

tried in all manners as though the superior court were the court of original jurisdiction.

Counsel for defendant claim that we have held otherwise in the case of *Manning* v. *Perry,* 48 Ariz. 425, 62 Pac. (2d) 693, 695, and that the decision of the department on the facts should be accepted by the court, unless there is no reasonable evidence to sustain it, in the same manner as we accept the decision of the industrial commission on the facts. We think counsel misinterprets the language which we used. We said:

" . . . If it investigates and determines which of two or more applicants appears to have the best right to a lease, its decision should be accepted by the court unless it be without support of the evidence, or is contrary to the evidence, or is the result of fraud or misapplication of the law. *The court may have the power to take evidence on that issue and to ignore the department's findings thereon and make its own independent findings,* yet the rule adopted and followed by appellate courts here and elsewhere of deferring their opinions as to the weight and credibility of the evidence to that of the trier of the facts in the first instance should be adhered to in land lease cases. . . . " (Italics ours.)

Therein we expressly recognized the jurisdictional right of the superior court to take new evidence and to ignore the department's findings, and make its own independent findings, although we do say that, in our opinion, the court should defer to the findings of the land office in regard to the weight and credibility of the evidence. The situation is not at all analogous to a review by this court of the findings of the industrial commission. This is done on *certiorari,* and not on an appeal with a trial *de novo* granted. In *certiorari,* of course, the rule is that if there is any reasonable evidence to sustain the action and findings of

the lower court, this court, which has no power to hold a trial *de novo,* should accept those findings.

We hold, therefore, that on appeals from an inferior court or administrative board to the superior court, unless the statute expressly provides otherwise, the case will be heard by the superior court in the same manner as though it were an original proceeding in that court, and while, as a matter of practice, due consideration should be given to the opinion of the lower tribunal as to the weight and credibility of the evidence, yet the superior court has jurisdiction to disregard that opinion and form its own independent conclusions upon the evidence. The trial court, therefore, acted within its jurisdiction in taking new evidence and forming its independent conclusion.

The test set down for the granting or refusal of the liquor license is whether or not, assuming the individual applying for the license has the proper personal qualifications, ''the public convenience requires and will be substantially served by such issuance.'' This, we think, is a judicial question which the court has the right to determine on the evidence. *Davis* v. *Campbell, supra.*

It is urged by defendant that the court erred in admitting statements by a witness, which were based upon hearsay and did not come within any of the exceptions to the so-called hearsay rule. The particular evidence referred to was that of a witness who testified to what he understood were the restrictions in regard to use of the premises to which the change was asked, as found in the deeds from the owner thereof. He stated that he had never examined the records nor any of the deeds, but based his opinion on what he had been told by those who owned land in that particular vicinity. We think this evidence was clearly inadmissible. The deeds themselves, which

presumably were duly recorded, were easily accessible and certainly furnished the best evidence of what, if any, restrictions they contained. The trial court should have rejected this evidence.

■ The next question is as to the admissibility of opinion evidence on the part of certain witnesses. These witnesses were asked substantially the following question:

"I will ask you if in your opinion public convenience requires and would be substantially served by the transfer of this license to that building located and known as 3300 South Sixth Avenue?"

and they replied giving their opinions. This was the very issue which the court was required to determine, and was not one on which expert opinion testimony is properly admitted. It was for the witnesses to state all the facts which they knew affecting the desirability of a transfer to the new location, but it was for the court to determine whether those facts showed that public convenience would be served by such transfer. The court should not have admitted testimony of this nature.

■■ But should the case be reversed because of the admission of incompetent evidence? If it had been tried before a jury, unquestionably the evidence above referred to would have been not only erronous but prejudicial. But it was properly tried to the court. Under these circumstances, it is the rule that even though evidence be admitted erroneously, if there is sufficient competent evidence in the record to sustain the findings of the court, it will be presumed that the erroneous evidence was disregarded and that the judgment was based on that which was proper. *Boston & Arizona Smelting & Reduction Co.* v. *Lewis,* 3 Ariz. 5, 20 Pac. 310; *Shannon Copper Co.* v. *Potter,* 13 Ariz. 245, 108 Pac. 486.

The testimony of practically all of the witnesses not only contains their opinions but is replete with statements as to the very type of facts upon which the court would necessarily make its conclusion as to whether "the public convenience requires and will be substantially served by such issuance."

We are satisfied, after an examination of the record, that there was ample competent evidence from which the court could have found either way.

█ Objection is also made that the statute requires that on appeal of this kind, the case must be heard within ten days and that this rule was not followed. We think that while the time within which the appeal must be taken was jurisdictional, the time in which the case must be heard is discretionary and not mandatory. *Malcolm* v. *Valley Bank,* 31 Ariz. 284, 252 Pac. 190.

Since the superior court had the jurisdiction to hear the case and reach its own independent conclusion, and since there is evidence in the record which sustains that conclusion, the judgment is affirmed.

McALISTER and ROSS, JJ., concur.