[Civil No. 4790.   Filed February 24, 1945.]

[156 Pac. (2d) 236.]

WALTER G. LANE, Petitioner, v. W. E. FERGUSON, as Judge of THE SUPERIOR COURT OF NAVAJO COUNTY, Respondent.

Mr. Edward P. Cline, and Mr. Frank E. Tippett, for Petitioner.

Judge W. E. Ferguson, in *Propria Persona.*

Mr. Guy Axline, for Respondent.

LaPRADE, J.—On January 10, 1945, this court issued an alternative writ of *mandamus* directed to the respondent W. E. Ferguson as Judge of the Superior Court of Navajo County, State of Arizona, ordering respondent to call in and assign Cause No. 5290, pending in the Superior Court of Navajo County, entitled Walter G. Lane, Appellant, versus John A. Duncan, Appellee, as Superintendent of Liquor Licenses and Control of the State of Arizona, to the Honorable William Truman, Judge of the Superior Court of Pinal County, State of Arizona, for him to hear all matters in said cause, and further directing respondent to vacate any and all orders entered thereon subsequent to December 19, 1944, purporting to assign said cause and the hearing thereof to any judge other than the said Honorable William Truman, or that respondent show cause to this court why he had not done so. On return date, respondent filed a motion to quash the alternative writ, a motion to dismiss, and answer. The alternative writ was ordered issued upon the verified petition of the petitioner Walter G. Lane. The petition, among other things, set up that petitioner had filed his application with the State Department of Liquor Licenses and Control, asking for the issuance to petitioner of a liquor license to be used in the town

of Winslow, Navajo County, Arizona; that said application was disapproved by John A. Duncan, superintendent of said department; that petitioner filed an appeal from the decision and order of said superintendent to the Superior Court of Navajo County; that thereafter petitioner filed an affidavit of bias and prejudice against respondent, thereby seeking a change of judge to hear and determine said appeal; that on the 13th day of December, 1944, and before any action had been taken by respondent toward calling in another superior court judge to hear said proceeding, there was filed in said proceeding a stipulation signed by the Attorney General as counsel for John A. Duncan as Superintendent of Liquor Licenses and Control of the State of Arizona, who had been designated as "defendant-appellee" in said appeal in the lower court, and Edward P. Cline and Frank E. Tippett, as attorneys for Walter G. Lane, who in said cause in the superior court had been designated as "plaintiff-appellant." This stipulation provided that the proceeding should be heard before the Honorable William Truman, Judge of the Superior Court of the State of Arizona in and for the County of Pinal. The petition further set up that on December 14th a Motion for Leave to Intervene in said action was filed therein by Charles C. Boling and Calvin D. Shope as citizens and protestants in their own behalf and in behalf of certain other protestants. There was also tendered with said motion a written instrument entitled "Answer in Intervention." It was further made to appear that on the trial date respondent notified counsel for the appellant Walter G. Lane and counsel for the intervenors that he would not honor the stipulation, and, over the objection of petitioner, set said cause for hearing on December 19th and assigned the same to the Honorable Levi S. Udall, Judge of the Superior Court of Apache County. On December 19th, Judge Udall heard arguments chal-

lenging his jurisdiction to preside in the proceeding, whereupon he directed the Clerk to enter an order "that because of the stipulation in the matter that Judge Udall has no right to preside in the matter, and he hereby reassigns the case to W. E. Ferguson, resident judge." Thereafter on January 3, 1945, respondent assigned said action on appeal in the Superior Court to the Honorable H. L. Russell, Judge of the Superior Court of Coconino County, and set the case for trial on January 12th.

The respondent in his motion to dismiss and answer challenged the sufficiency of the allegations in the petition for the issuance of the writ upon the ground and for the reason: (1) That the petition failed to state facts sufficient to constitute any grounds for relief or cause of action against the respondent; (2) that petition failed to disclose the names of the real parties in interest; (3) that it was not alleged that protestants (attempting intervenors) had joined in the stipulation to assign said proceeding to Judge Truman.

At the time of the hearing in this court of respondent's motion to dismiss and answer, it was admitted by counsel that the superintendent at the time he received the application for the license forwarded the same to the City Clerk of Winslow, as provided for in Section 72–105, Arizona Code Annotated 1939; that within the time required the attempting intervenors and others filed written objections with the City Clerk to the issuance of the license; that thereafter the City Council entered an order approving and recommending that the license issue; and, that after receipt of this order, the superintendent held a hearing at which time witnesses both approving and protesting the transfer were heard. The superintendent made an order finding that the public convenience did not require and would not be substantially served by the issuance of the license and ordered that the application be denied. No

attempt was made to serve the notice of appeal on any of the protestants that had appeared before the superintendent.

It is the contention of the respondent that a stipulation or agreement with respect to a change of judge must be entered into by all of the parties interested in the proceeding, and that a "party" means anyone having an interest in the result of the case or action; that protestants, in appearing before the superintendent and objecting to the issuance of the license, became "parties" whose interest would be directly affected by the proceeding on appeal; that the superintendent is not in any sense of the term a party to the proceeding or appeal from his order and decision; and, that as a matter of law he cannot stipulate as to what judge can hear the proceeding, nor can he stipulate to the facts, citing *Honstain* v. *Board of Com'rs,* 52 Mont. 391, 158 Pac. 476; *State ex rel. More* v. *Dist. Court,* 49 Mont. 577, 143 Pac. 1193.

Section 21–107, Arizona Code Annotated 1939, provides for the disqualification of a judge by affidavit of bias and prejudice. Section 21–109, Arizona Code Annotated 1939, in part, reads as follows:

" . . . If the parties agree upon a . . . judge, then such . . . judge shall be selected."

It is the contention of petitioner that upon the filing of the affidavit hereinabove referred to respondent had no further jurisdiction in the matter, and that his sole authority was limited to assigning the matter to the judge agreed upon in the stipulation. He further contends that since the affidavit of bias and prejudice was on file before any action had been taken upon the petition to intervene the only parties in the case who could stipulate were the petitioner and the appellee-defendant, John A. Duncan.

The authority for an appeal from the decision and order of the superintendent is contained in section 72–

109, Arizona Code Annotated 1939. Subsection (c) thereof reads as follows:

"The decision of the superintendent shall be final in any matter relating to the issuance, renewal, suspension, or revocation of a license, *unless the person aggrieved,* within ten (10) days after the date of the decision, files an appeal with the superior court of the county in which the licensed premises are located. In such appeal, the court shall hear and determine the matter de novo, not more than ten (10) days after the date of filing the appeal. Pending determination of the appeal, the decision and order of the superintendent shall remain in full force and effect, and may not be superseded." (Italics ours.)

The general procedure for taking appeals to the superior court from an inferior tribunal is governed by the provisions of Sections 19–303, 19–304, and 20–707, Arizona Code Annotated 1939. The last named section reads as follows:

"*Trial de novo on appeal.*—Upon an appeal to the superior court from a justice of the peace, or other inferior court, the case shall be tried de novo."

In the case of *Duncan* v. *Mack,* 59 Ariz. 36, 122 Pac. (2d) 215, 218, we considered the method and nature of an appeal to the superior court from an order of the Superintendent of Liquor Licenses and Control. We there said:

"We hold, therefore, that on appeals from an inferior court or administrative board to the superior court, unless the statute expressly provides otherwise, the case will be heard by the superior court in the same manner as though it were an original procceeding in that court, . . . ."

■■ It thus appears that on such appeal the judge of the superior court will determine whether the license shall issue. Duncan v. Mack, *supra.* The superior court in such a proceeding is an independent tribunal subject only to the rule laid down in Section 72–108,

Arizona Code Annotated 1939, that the burden of proof is on the plaintiff to show by satisfactory evidence his capability, qualifications, and reliability, and that the public convenience requires and will be substantially served by the issuance of a license. Duncan v. Mack, *supra.*

Section 72–109, subsection (c), *supra,* provides that the person aggrieved may appeal from the decision of the superintendent. In this case the applicant whose application had been denied was the sole and only aggrieved person. Certainly the protestants were not aggrieved by the decision and order of the superintendent for it was in complete accord with their wishes and demands. This proceeding on appeal is both an appeal and a trial *de novo.* It is an appeal for the reason that the decision and order of the superintendent remains in full force and effect and may not be superseded. Section 72–109, *supra.* It is a trial *de novo* for the reason that it is a matter of first impression in the Superior Court to determine whether the license shall issue on the application. 72–109 (Id.); Duncan v. Mack, *supra.*

For the reasons hereinafter appearing, we conclude that the appeal feature of the proceeding is not only against the finality of the decision and order of the superintendent, but also against the tribunal that entered it. Such being the case, the superintendent is the real party defendant. We conclude that the superintendent is the real party defendant in interest for the reason that the legislature, in creating the Department of Liquor Licenses and Control, intended to create and establish state-wide control over the traffic in intoxicating liquors. The need of its regulation and control is undisputed. In a search for a system of effective, impartial, and uniform regulation and control of this traffic, our legislature first enacted Chapter 76, Sess. Laws, 1933, then Chapter 46, Sess. Laws 1935, then later Chapter 64, Sess. Laws 1939, being Chapter

72, Arizona Code Annotated 1939. This system is a departure from that which had long existed here prior to the advent of national prohibition. Then the regulation and control of every phase of the liquor traffic was vested exclusively in local governing bodies. Running through the entire act is the central idea that the traffic in intoxicating liquors is a problem that is state-wide; and correspondingly that only state supervision and control can adequately cope with it. The superintendent is charged with the administration and enforcement of the act. It patently follows that the superintendent in the discharge of these duties should litigate and attempt to have sustained his lawful decisions and orders when called into question in a competent court of review. We have repeatedly recognized the superintendent as an interested party and permitted him to prosecute and defend both in the superior court and in this court. *Duncan* v. *Mack, supra; Duncan* v. *A. R. Krull Co.*, 57 Ariz. 472, 114 Pac. (2d) 888.

The only remnant of local participation in the administration of the liquor traffic is contained in Section 72–105, Arizona Code Annotated 1939. This section specifically provides that notice of the application for a liquor license must be noticed on the premises, "with a statement requiring any person opposed to the issuance of the license to file his written objections with the clerk." The section further provides that:

" . . . The governing body of the city or town, within five (5) days after the expiration of the time for filing objections, shall meet and *consider the application* and *any objections filed.* (Italics ours.)

"It shall then enter an order approving or disapproving the issuance of the license, and shall file a certified copy thereof with the superintendent. If disapproved, a statement of the reasons therefor shall be attached to the order.

.   .   .   .   .   .   .   .   .   .   .

"(d) Upon receipt of an application for a spirituous liquor license, the superintendent shall place the

same on file until the expiration of the time fixed for the certified order by the governing body of the city or town or the board of supervisors, and shall consider such order together with other facts in his possession relating to the qualifications of the applicant."

This section recognizes that in the over-all administration and control of the traffic in intoxicating liquors, the residents of each community have an interest in the premises, and that their legally elected representatives likewise have an interest that must be consulted. Only their advice and recommendations are sought. No provision for appeal is given to the citizen protestants from the order of the local governing body recommending or disapproving the issuance of a license. Nowhere is there any specific provision authorizing citizen protestants to appear before the superintendent. In fact, there is no provision in the statute for any hearing to be held by or before the superintendent. The statute merely provides that the superintendent shall consider the recommendation of the local governing body together "with other facts in his possession relating to the qualifications of the applicant."

We have examined the Montana cases cited by respondent to the effect that the licensing board or superintendent is a *quasi* judicial officer and has no interest in the proceeding on appeal or *de novo* other than such as a justice of the peace has in an ordinary action removed by appeal from his court, and that on appeal the applicant is the plaintiff and the protestants are the defendants. We do not believe that the reasoning and conclusions set forth in these cases are applicable to our statutes, their purpose, administration, and the results to be obtained by their enforcement.

*Quaere:* On appeal to the superior court from the decision and order of the superintendent, are the protestants who may have appeared before the superintendent or the local governing body parties *ipso facto* to the appeal?

We hold that they are not. The protestants have available to them the provisions of the statute relating to intervention. They may or may not avail themselves of these privileges. The applicant-plaintiff and the defendant-superintendent cannot be held to know who may or may not attempt to intervene in the proceeding. If and when applications to intervene are presented, they should be passed upon by the trial court.

█ We hold that the resident judge (respondent) was by law bound to honor the stipulation above referred to, and should have assigned the case to the judge agreed upon.

█ We further hold that attempting intervenors take the court and the judge provided by law as they find them, at least up to the time of their arrival and admission into the case. Persons who might rightfully intervene should not and cannot be heard to complain that the parties in a going law suit have availed themselves of the statutory privilege to agree upon a judge in a case where an affidavit of bias and prejudice had been filed before their advent upon the scene.

The alternative writ heretofore issued is made peremptory.

STANFORD, C. J., and MORGAN, J., concur.