181 P.2d 357

HIM POY LIM v. DUNCAN.

No. 4960.

Supreme Court of Arizona.

June 2, 1947.

Henry R. Merchant and Robert O. Barber, both of Tucson, for appellant.

John L. Sullivan, Atty. Gen., and William P. Mahoney, Asst. Atty. Gen., for appellee.

UDALL, Justice.

The sole matter for determination herein is: Does an appeal to the Supreme Court lie from a superior court judgment sustaining the decision of the State Superintendent of Liquor Licenses and Control in a matter relating to the refusal of the Su-

perintendent to issue a retailer's license? By a minute order this court granted the Attorney General's motion to dismiss the appeal in this case, erroneously basing its ruling upon the authority of Duncan v. Superior Court of Pinal County, 65 Ariz. 193, 177 P.2d 374. Actually that case merely determined that in a *liquor transfer* matter no appeal would lie to the *superior court* from a decision of the Superintendent, and hence it is not determinative of the question here presented. Though ordinarily opinions are not written by this court upon determination of a motion for rehearing, the state of the record in this case requires clarification, and the question heretofore stated justifies an answer in our reported decisions.

It appears from the record that Him Poy Lim (appellant) made application to Superintendent Duncan for a retailer's license which would allow him to sell packaged wine and beer at his grocery store in the city of Tucson. The Superintendent denied his application and Him Poy Lim appealed from this order to the Superior Court of Pima County. Sec. 72-109(c), A.C.A.1939. The court sustained the Superintendent's order finding insufficient the showing of "public convenience and necessity" and entered judgment accordingly, whereupon appellant gave timely notice of appeal to the Supreme Court.

■ Whether appellant here has the right of appeal must be determined solely by the statutes of Arizona, for the right to appeal exists only by force of statute and is limited by its terms. Barth v. Apache County, 18 Ariz. 439, 162 P. 62; Duncan v. Superior Court of Pinal County, supra. And where the right of appeal is neither given nor denied by the Constitution, it is within the discretion of the legislature to say in what cases and under what circumstances an appeal may be taken. Smith v. Trott, 36 Ariz. 166, 283 P. 726.

Specifically, the only provision for appeal contained in the Spirituous Liquors Code, Art 1, Ch. 72, A.C.A.1939, is Sec. 72-109(c), which is concerned entirely with appeals to the *superior court*. Hence, if an appeal in the case before us properly lies from the judgment of the superior court to the Supreme Court, it must be by force of the general statute covering this subject. Sec. 21-1702(1), so far as here pertinent, provides for appeal to the Supreme Court from decisions of superior courts when (1) the action or proceeding is "brought into a superior court from *any other court*" (with certain exceptions not here in point); or when (2) an action or proceeding is "*commenced* in a superior court". (Emphasis supplied.)

■ It would be an unconscionable strain on the facts to consider the decision of the Superintendent of the Department of Liquor Licenses and Control to be the decision of a court. His modus operandi as set out particularly in Secs. 72-103, 72-105 (a), (b), (d) and 72-108 (a) would deny any such interpretation. He is not required by statute to provide a hearing for

an applicant for a liquor license, Lane v. Ferguson, 62 Ariz. 184, 156 P.2d 236, nor is his decision upon such application anywhere termed the decision of a court. In fact, he is held to be an interested party in proceedings before the superior court appealing from his decisions, Lane v. Ferguson, supra, a position he could never occupy were he considered a judge, or his pronouncements those of a court. McCloskey v. Renfro, 47 Ariz. 534, 57 P.2d 1140. Although the Superintendent must use judgment in the proper dispatch of his duties, and to aid him in these duties he is empowered, if necessary, to administer oaths, take testimony, subpoena witnesses, and adopt other methods common to a court, the most that can be said is that he is an administrative officer with the right to exercise limited quasi judicial powers. The following cases impliedly hold such an official is only an administrative officer. Lane v. Ferguson, supra; Smith v. Trott, supra. Therefore this case fails the first requirement for such an appeal in that it is not an action or proceeding brought into the superior court from another court.

■ If the right to appeal to the Supreme Court here exists, then, this action must fulfill the second alternative requirement of Sec. 21-1702(1) as set out above, i. e., it must have been commenced in the superior court. Rule 3 of Rules of Civil Procedure, Sec. 21-301, provides that "A civil action is commenced by filing a complaint with the court". And though this is a civil matter, the record shows that it reached the superior court by a document entitled "Appeal". No other pleadings were there filed by the appellant. In the well-written opinion of Lane v. Ferguson, supra [62 Ariz. 184, 156 P.2d 238], Justice La Prade described the nature of the proceeding in these words: " * * * This proceeding on appeal is both an appeal and a trial de novo. It is an appeal for the reason that the decision and order of the superintendent remains in full force and effect and may not be superseded. Section 72-109, supra. It is a trial de novo for the reason that it is a matter of first impression in the Superior Court to determine whether the license shall issue on the application. 72-109 (Id.); Duncan v. Mack, supra [59 Ariz. 36, 122 P.2d 215]."

Finally, and most conclusive, Sec. 72-109 (c) describes the proceeding in the superior court as *an appeal,* directing, as described in the quotation supra, that the decision and order of the Superintendent is final and remains in full force and effect unless and until an appeal is determined by the superior court. This same conclusion was reached in Smith v. Trott, supra, wherein this court held that an appeal would not lie to the Supreme Court from a decision of the superior court reviewing the action of the Water Commissioner on an application for a permit to appropriate water because such proceeding "originated" before a board, officer, or tribunal other than a court. And the unreported case of Gardner v.

"Webb (No. 4306, decided in 1940), though based upon the false premise that there was an appeal to any court from the decision of the Superintendent in a liquor transfer matter (See Duncan v. Superior Court of Pinal County, supra), did deny an appeal on such matter from the superior to the Supreme Court.

We are of the opinion that a liquor case, such as the one now before us, is neither "brought into the superior court from another court", nor does it "originate" in the superior court; hence there is no authority for review by the Supreme Court. Our action, therefore, in granting the motion to dismiss this appeal was correct, though the reason recited in the minute order was erroneous. Order dismissing appeal adhered to on motion for rehearing.

STANFORD, C. J., and LaPRADE, J., concurring.