248 P.2d 879

**DUNCAN v. TRUMAN.**

**No. 5686.**

Supreme Court of Arizona.

Oct. 10, 1952.

Fred O. Wilson, Atty. Gen., Maurice Barth, Asst. Atty. Gen., Gust, Rosenfeld, Divelbess, Robinette & Linton, of Phoenix, for petitioner.

Charles W. Stokes, of Coolidge, for respondent.

UDALL, Chief Justice.

John A. Duncan, Superintendent of Department of Liquor Licenses and Control of the State of Arizona, hereinafter termed the petitioner, sought a writ of certiorari in this court to review the proceedings of the superior court of the state of Arizona, in and for the county of Pinal, Honorable W. C. Truman presiding, in a certain case on appeal to that court which went to judgment, wherein Ralph S. Barrington was the appellant and petitioner Duncan was the appellee.

The writ was issued and return made, and the record certified to us shows the following facts: One H. D. Martin held a Series 6 spirituous liquor license, regularly issued to him by the petitioner for his use at premises locally known as Desert Beach which is situated one mile south of Coolidge, Arizona. Martin became indebted to various parties, and on June 6, 1949 appellant Barrington recovered a judgment in the Superior Court of Pinal County against Martin for $2,480.13. A general execution was issued thereon and during the month of November, 1949, the sheriff purportedly levied upon the liquor license in question and thereafter sold the same at public auction to appellant Barrington for the amount of his judgment, and issued to the latter a certificate of sale. Barrington then made application to petitioner for transfer of the Martin license to him. The application was disapproved by the superintendent on March 7, 1951. Under the provisions of Section 72–109, (c), A.C.A.1939, as amended by Chapter 60, section 7, Laws 1950, 1st S.S., Barrington gave timely notice of appeal to the superior court. Issues were framed by a complaint on appeal and petitioner's answer thereto. Petitioner's motion to dismiss for lack of jurisdiction was denied and the matter came on regularly for a hearing in a trial de novo as provided in the statute. Judgment was entered setting aside the action of Superintendent Duncan in denying the transfer and directing said superintendent to grant Barrington's application by issuing a license to him. This application for certiorari followed.

At the outset we are met with the respondent's contention that the writ was im-

providently issued as certiorari will not lie under the facts delineated above. After more careful consideration it appears to us that the point is well taken.

■ Our statute, Section 28–101, A.C.A. 1939, provides that certiorari may be granted only when the inferior tribunal has exceeded its jurisdiction and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy. See Batty v. Arizona State Dental Board, 57 Ariz. 239, 112 P.2d 870; Hunt v. Norton, 68 Ariz. 1, 198 P.2d 124, 5 A.L.R.2d 668. The statute, Section 72–109, A.C.A.1939, as amended, speaks of the power or jurisdiction of the superior court in an appeal from a decision of the superintendent "in any matter relating to the * * * transfer * * * of a license * * *", stating therein that "In such appeal, the court shall hear and determine the matter de novo". The statute is silent as to any further review. Therefore, as the right of appeal exists only by force of statute, the remedy available is what the legislature has granted as defined by the statute, and where, as here, the legislature has failed to grant the right of appeal from the superior court to the supreme court no such right exists. Him Poy Lim v. Duncan, 65 Ariz. 370, 181 P.2d 357.

■ By definition jurisdiction is the power to hear and determine (the language used in 72–109, supra), irrespective of whether the case is decided rightly or wrongly. Tube City Mining and Milling Co. v. Otterson, 16 Ariz. 305, 146 P. 203, L.R.A.1916E, 303. Jurisdiction relates to the power of the tribunal as defined by constitutional provision and statute, and not to the rights of the parties. Clearly the court had jurisdiction in this primary sense. City of Phoenix v. Greer, 43 Ariz. 214, 29 P.2d 1062; Wall v. Superior Court of Yavapai County, 53 Ariz. 344, 89 P.2d 624; Findlay v. Board of Supervisors of Mohave County, 72 Ariz. 58, 230 P.2d 526, 24 A.L.R. 2d 841.

■ By its very nature a writ of certiorari never issues to correct mere error committed by a lower tribunal, but, as our statute on certiorari, supra, indicates, an entire absence of power to hear or determine the case is not required. A broader basis for granting the writ is recognized in those cases where jurisdiction has been exceeded. The word "jurisdiction" has different shades of meaning and as applied to certiorari and prohibition matters it should not be given a too restrictive meaning. For an excellent dissertation on the subject see Abelleira v. District Court, 17 Cal.2d 280, 295, 109 P.2d 942, 132 A.L.R. 715, 721.

Therefore, the petitioner's only remedy, if he has one, is by certiorari. The question is, did the superior court have jurisdiction in the matter within the broad meaning of the term, or having jurisdiction did it act in excess of its jurisdiction?

In the petition for writ of certiorari, petitioner states that the superior court

**332**

was without jurisdiction to enter the judgment for the reasons following. As summarized these contentions are:

1) There was no evidence that Barrington had any right or title in the said license since a license is not "property" which can be sold at sheriff's sale, and in any event the sale, for other reasons given, was improper and void.

2) The evidence shows that no notice of application for transfer was posted, or action taken thereon by the Pinal County Board of Supervisors, as provided by Section 72–105, A.C.A.1939.

3) There was no evidence that Barrington had any right to use the license at the Desert Beach premises.

4) There was no showing that public convenience and necessity would be served by such transfer.

5) For the reason that Barrington did not offer to pay the claims voluntarily filed against the license by the owner Martin, which by a rule of petitioner's is required to be done before a transfer will be granted.

The first inquiry raised by the contentions of the petitioner, is to determine if they are matters that affect jurisdiction? For if the propositions set forth by petitioner are not jurisdictional in their nature, then patently the court has taken no action without or in excess of its jurisdiction.

█ Jurisdiction is of three kinds: (a) of the subject matter, i. e., the court has cognizance of this class of cases; (b) of the person; and (c) to render the particular judgment which was given. City of Phoenix v. Greer, supra.

In the light of these well-established principles let us consider petitioner's contentions seriatim:

█ (1) As to the petitioner's claim that a liquor license is not "property" we believe this question was impliedly answered adversely to his contention in the case of Hom Moon Jung v. Soo, 64 Ariz. 216, 167 P.2d 929, 932, wherein it was stated that a liquor license " * * * is a property right with a peculiar and special value * * * " and that an action for specific performance would lie to enforce a contract for sale of such a license.

█ However it should be noted, as we pointed out in the case of State Board of Barber Examiners v. Walker, 67 Ariz. 156, 167, 192 P.2d 723, 730, that a "license" is a "permit, granted by the sovereign, generally for a consideration * * * to a person, firm, or corporation to pursue some occupation or to carry on some business subject to regulation under the police power."

█ The query as to whether a "license" can be sold under execution, as well as the other points raised in connection with the validity of the sheriff's sale present interesting questions of law but they are in no sense jurisdictional.

█ (2) While the failure to give notice is frequently held jurisdictional, in the in-

stant case, upon conflicting testimony the court found that notices of application for transfer were posted according to law. It also indubitably appears that the board of supervisors of Pinal county had an opportunity to express their approval or disapproval of petitioner's application for transfer of license. Inasmuch as the board's action is only advisory, Sec. 72–105, A.C.A. 1939; Lane v. Ferguson, 62 Ariz. 184, 156 P.2d 236, certainly its failure to act one way or the other within the limited period allowed by law, could not defeat the jurisdiction of the superintendent or of the lower court on appeal to proceed with a hearing.

■ (3) The jurisdiction of the court to order the license to be transferred to Barrington could not be contingent upon the latter showing that he had the right to continue in business "at the old stand".

■ (4) The matter of the public convenience and necessity being served by a liquor establishment at the point designated in the license had been determined when the Martin license was issued, and under the statute governing the procedure for obtaining a transfer from person to person no such showing is again required.

■ (5) We deem it unnecessary to determine the validity of a departmental rule requiring a licensee to pay his creditors who have filed a notice of their claims with the petitioner before a transfer will be granted, as in any event a failure to meet such a requirement could in no sense be considered a jurisdictional prerequisite.

■ Reviewing all of these objections it seems to us that the petitioner has completely misconceived the scope or purpose or function of the writ of certiorari. In Griffin v. Denton, 61 Ariz. 454, 150 P.2d 96, 97, this court, quoting from 5 R.C.L. 251, approved the following rule:

"The writ has never been employed to inquire into the correctness of the judgment rendered where the forms of the law have been followed, and where the court had jurisdiction, and was therefore competent. Hence, it has been held that the supervisory jurisdiction of the court on a certiorari must be restricted to an examination into the external validity of the proceedings had in the lower court. It cannot be exercised to review the judgment as to its intrinsic correctness, either on the law or on the facts of the case. The supervisory powers of the court should not be confounded with its appellate jurisdiction."

In addition to the reasons set forth above, petitioner urges that the superior court was without jurisdiction to entertain the appeal for the reason that at the time the application for transfer was filed the laws of Arizona gave no right of appeal from the decision of the superintendent in such a case. The petitioner recognizes that

"A * * * statutory change as to the jurisdiction of an appellate court, in the absence of any restrictions, applies to cases pending when the change takes effect, and the jurisdiction of the court as to those cases is to be determined by the new law, and not by the law that was in effect when the appeal was taken." 2 Am.Jur., Appeal and Error, Sec. 8.

Petitioner contends, however, without citation of any authority, that because the superior court determined the matter de novo, by a new trial, a new substantive right was created which Barrington did not have when he applied for the transfer, and that the rule is therefore not applicable.

We hold this contention is without merit as the right of appeal is not inherent to a legal proceeding, but depends on constitutional or legislative approval. Cullinan v. Superior Court, 24 Cal. App.2d 468, 75 P.2d 518, 77 P.2d 471; Him Poy Lim v. Duncan, supra. When granted, the right of review affects the remedy only and not rights determinative of the cause between the parties. 2 Am. Jur., Appeal and Error, Sec. 8.

The writ of certiorari heretofore issued is quashed.

STANFORD, PHELPS, DE CONCINI, and LA PRADE, JJ., concurring.