249 P.2d 837

**VAZZANO v. SUPERIOR COURT IN AND FOR MARICOPA COUNTY.**

**No. 5724.**

Supreme Court of Arizona.

Nov. 3, 1952.

A. E. Farone, of Phœnix, for petitioner.

Fred O. Wilson, Atty. Gen., Maurice Barth, Asst. Atty. Gen., Phil J. Munch, Asst. Atty. Gen., for respondent.

UDALL, Chief Justice.

Petitioner, Josephine Vazzano, instituted this original proceeding in certiorari against the superior court of the state of Arizona, in and for the county of Maricopa, Honorable Gordon Farley presiding, for the purpose of testing whether said court exceeded its jurisdiction in the exercise of its judicial function in that it failed to follow the statutory rules of procedure applicable to the matter under consideration.

The writ was issued and return made, and from the record now before us it appears: that petitioner was the holder of a Series 7 spirituous liquor license and was the operator of a liquor establishment known as the Black & Tan, located at 1614 East Washington Street, Phœnix, Arizona; that through the instrumentality of an order to show cause the petitioner was ordered to and did appear before John A. Duncan, Superintendent of Liquor Licenses and Control of the State of Arizona, to show cause why her license should not be revoked for a violation of the liquor code, Chap. 72, A.C.A.1939, as amended, and the rules and regulations of the superintendent. Specifically she was charged with allowing and permitting "disorderly persons" and "intoxicated persons" to come into and remain in and about her

premises. A hearing was had at which evidence was adduced by both the state and the licensee. The superintendent, sitting in his quasi-judicial capacity, found that the charges made were sustained by the evidence, and an order was thereupon made revoking petitioner's license.

Notice of appeal to the superior court, under the provisions of Section 72–109(c), A.C.A.1939, as amended, was timely made. The matter came on for a trial de novo before the superior court sitting without a jury. We do not have a reporter's transcript before us but the minutes show that the trial court, over the vigorous objection of counsel for appellant, Josephine Vazzano, treated the appellant as a plaintiff and required her to assume the burden of proving that the charges against her were untrue. The petitioner asserts, and it is not denied by the state, that she was required "to proceed with her cause or subject herself to dismissal for lack of prosecution of the appeal." This unique trial procedure forms the basis for these certiorari proceedings.

Our statutes expressly declare the procedure to be followed in trials conducted in the superior courts of the state. Section 21–903, A.C.A.1939, makes the rules prescribed for trial of actions before a jury the rules governing trials by the court so far as applicable. Section 21–906, A.C.A.1939, sets out the "Order of trial by jury", the proper order being:

"3. The plaintiff shall then introduce his evidence.

"4. The defendant shall then introduce his evidence.

\* \* \* \* \* \*

"6. The parties may then introduce rebutting testimony on each side."

These procedural rules control in matters reaching the superior court by an appeal, just as they do in suits originating there. Could it be argued for instance that if a defendant, in either a criminal or civil case commenced in the justice court, took an appeal that such defendant would be required in the trial de novo in the superior court to assume the burden of proof? The answer is obviously no. Is the rule different when the appeal is from a quasi-judicial tribunal? The answer is found in the cases of Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215, 218, and Lane v. Ferguson, 62 Ariz. 184, 156 P.2d 236, 238, wherein we considered the method and nature of an appeal to the superior court from an order of the superintendent of liquor licenses and control, and held that " \* \* \* the case will be heard by the superior court in the same manner as though it were an original proceeding in that court \* \* \*."

It seems to us that the learned trial court failed to draw a distinction between appeals by (1) an applicant for a license, and (2) a person whose license has been revoked. In the first case it

would be incumbent upon the applicant to assume the burden of proof and show that he had complied with all of the requirements. Such was the situation in the Lane case, supra. Whereas in the case at bar the superintendent of liquor control asserted the affirmative, i. e., that the licensee had violated certain rules. It then became incumbent upon the state, both in the hearing before the superintendent and on appeal before the superior court, to present its case first and bear the burden of proof. We believe the incongruity of the situation in the superior court would have been readily discernible had the issues been framed. Unfortunately there appears to be no rules requiring this in matters coming before the superintendent, and the superior court failed to require the parties (as it might well have done) to frame the issues before proceeding to trial. Actually, in addition to the order revoking her license, the only pleadings before the trial court was a notice of appeal and (believe it or not) an "Answer to notice of Appeal".

The superintendent was in the position of plaintiff and the petitioner the position of defendant for procedural purposes in the superior court, and to require the petitioner to introduce her evidence to show in the first instance that she was not guilty of violating the rules violated the statutory directive and deprived her of a fair trial.

Certainly the petitioner had no right of appeal, Him Poy Lim v. Duncan, 65 Ariz. 370, 181 P.2d 357, nor has she any other plain, speedy or adequate remedy. The real issue, therefore, is whether the court exceeded its jurisdiction and thereby made possible a review through certiorari—the only possible remedy available to petitioner.

The statute, Section 28-101, A.C.A.1939, provides when certiorari may be granted, and the previous decisions of this court on the subject make it clear as to the requirements that must be met. Our latest expression on the subject is found in the case of Duncan v. Truman, 74 Ariz. 328, 248 P.2d 879. We deem it unnecessary to repeat these governing principles.

This case, however, presents a novel question, for undoubtedly the court had jurisdiction in the primary or fundamental sense; that is, (1) jurisdiction of the subject matter, (2) of the person, and (3), to render the particular judgment which was given. City of Phoenix v. Greer, 43 Ariz. 214, 29 P.2d 1062; Hunt v. Norton, 68 Ariz. 1, 198 P.2d 124, 5 A.L.R.2d 668; Wall v. Superior Court, 53 Ariz. 344, 89 P.2d 624; Batty v. Arizona State Dental Board, 57 Ariz. 239, 112 P.2d 870.

But having jurisdiction did the court act in such a manner that there was more than just error committed—which cannot be reached by certiorari—i. e., was jurisdiction exceeded? If it was, will certiorari lie to review the action notwithstanding the court had primary jurisdiction? The court was not without jurisdiction in the sense that there was an entire absence of power

to hear or determine the case. But to act in excess of jurisdiction is to lack jurisdiction as to the acts taken beyond those authorized by the fundamental jurisdiction. Hence, though the court has jurisdiction as defined by our earlier cases, cited supra, it may have no power to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites. Familiar examples of this, i. e., where action in excess of jurisdiction is corrected on appeal, are: where a probate court fails to follow the mandatory provisions of the statutes governing the appointment of administrators, In re Gerard's Estate, 50 Ariz. 458, 72 P.2d 952, 113 A.L.R. 776; where an affidavit of bias and prejudice is filed in a civil action and the presiding judge refuses to step aside, Stephens v. Stephens, 17 Ariz. 306, 152 P. 164; where a superior court has set aside a judgment on a motion based on inadvertence, excusable neglect, or mistake, more than six months after entry, Smith v. City of Nogales, 24 Ariz. 557, 211 P. 592; or where a court appoints a receiver and there is not a case pending or there are other adequate remedies available for the preservation of property and the rights of the parties, United Sanders Stores, Inc., v. Messick, 39 Ariz. 323, 6 P.2d 430.

The narrow question, of first impression in this jurisdiction, is whether the same or similar actions in excess of jurisdiction, that are corrected on appeal, will be corrected through certiorari *where there is no right of appeal?* California, whose statute is similar to our own, grants certiorari in such cases. The California court, in the case of Abelleira v. District Court, 17 Cal.2d 280, 295, 109 P.2d 942, 948, 132 A.L.R. 715, 722, quoting in part from an earlier case, stated the rule as follows:

"On a number of occasions the courts of this state have recognized the conflicting senses in which the term 'jurisdiction' is used, and have emphasized the point that in applications for prohibition or certiorari, the broader meaning is involved. In our own recent decision, Rodman v. Superior Court, 13 Cal.2d 262, 89 P.2d 109, 112, we said: ' * * * some confusion exists with reference to what constitutes an excess, and what constitutes an error, in the exercise of jurisdiction. However it seems well settled (and there appears to be no case holding to the contrary) that when a statute authorizes prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction, *and certiorari will lie to correct such excess.'*

*    *    *    *    *    *

" * * * Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitution-

374

al provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of stare decisis, are in excess of jurisdiction, in so far as that term is used to indicate that those acts may be restrained by prohibition or annulled on certiorari. * * *" (Emp. sup.) For text statements and applications of the rule in other jurisdictions, see Tomsky v. Superior Court, 131 Cal. 620, 63 P. 1020, 1021; Langdon v. Superior Court, 65 Cal.App. 41, 223 P. 72; McClatchy v. Superior Court, 119 Cal. 413, 51 P. 696, 39 L.R.A. 691; Olson v. District Court, 93 Utah 145, 71 P.2d 529, 112 A.L.R. 438; 4 Cal.Jur., sec. 4, p. 1022–3 note 7, and sec. 5, p. 1025.

We hold that the lower court exceeded its jurisdiction when it acted contrary to the procedure prescribed by the statute in requiring the petitioner to introduce her evidence first. The procedure followed being in excess of the court's jurisdiction, the judgment entered is void. This ruling is without prejudice to further proceedings not inconsistent with this opinion. Judgment annulled.

STANFORD, DE CONCINI and LA PRADE, JJ., concur.

PHELPS, J., took no part in the determination of this matter.