407 P.2d 951

STATE RACING COMMISSION, State of Arizona, ex rel. Darrell F. SMITH, Attorney General, State of Arizona, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF COCHISE, and the Honorable William C. Frey, Judge thereof, Respondent,

Fred A. Hill, Real Party In Interest.

ARIZONA RACING COMMISSION, Tom Finley, Lew Place, Buell E. Tade, Frank S. Waitman, and Donald Butler, Members, Appellants,

v.

Fred A. HILL, Appellee.

Nos. 2 CA–CIV 167, 2 CA–CIV 172.

Court of Appeals of Arizona.

Nov. 22, 1965.

Darrell F. Smith, Atty. Gen., Philip M. Haggerty, Asst. Atty. Gen., Phoenix, for petitioner and appellants.

Royal & Carlson, by Peter Chase Neumann, Tucson, for real party in interest and appellee.

HATHAWAY, Judge.

Fred A. Hill made application to the Arizona Racing Commission for a racing permit pursuant to A.R.S. § 5–107. He sought a permit to conduct greyhound dog racing in Cochise County, Arizona, near Benson.

The Arizona Racing Commission denied Hill's application and he appealed from that decision to the Superior Court pursuant to A.R.S. § 5–108, subsec. E as amended. The Superior Court found that Hill was entitled to have the racing permit issued and ordered the Arizona Racing Commission to issue a permit to conduct dog racing upon the posting of a cash deposit and bond

to be fixed by the Arizona Racing Commission.

The Arizona Racing Commission appeals from the Superior Court judgment and its order denying their motion for a new trial.

The Attorney General of the State of Arizona, on behalf of the Arizona State Racing Commission, has also petitioned this court for a writ of mandamus directing the Superior Court to issue a stay of execution pending appeal.

It appears that a definite procedure for reviewing the decisions of the Arizona Racing Commission is provided by A.R.S. § 5–108, subsec. E as amended. There is no provision for an appeal from the decision of the Superior Court. Unless the right of appeal is given by statute, there is no such right. Ginn v. Superior Court, 1 Ariz.App. 455, 404 P.2d 721, 723 (1965).

It further appears that the administrative review act expressly does not afford judicial review of a final decision of an administrative agency " * * * where the act creating or conferring power on an agency or a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for the review." A.R.S. § 12–902, subsec. A; also see State ex rel. Morrison v. Thomas, 80 Ariz. 327, 334, 297 P.2d 624 (1956); Duncan v. Truman, 74 Ariz. 328, 331, 248 P.2d 879 (1952).

We therefore hold there is no provision for the appeal to this court and the appeal is dismissed. The petition for writ of mandamus has consequently become moot and is likewise dismissed.

KRUCKER, C. J., and MOLLOY, J., concur.