the clerk as authority for his action has no application. Sherry v. Cary, 111 N. Y. 514, 19 N. E. 87. In that case the court held that the plaintiff was entitled to costs, although he recovered less than $50, because the several causes of action alleged in the complaint and in the counterclaim constituted subsisting accounts between the parties, within the meaning of subdivision 4 of section 2863, Code Civ. Proc., and, as they aggregated more than $400, the action could not have been tried in a justice's court. Hence the plaintiff was entitled to costs upon any recovery, although less than $50, under subdivision 3 of section 3228. But even in such a case the plaintiff is entitled to costs only when judgment is rendered in his favor. The present case differs from Sherry v. Cary in two important particulars. In the first place, the defendant, and not the plaintiff, has recovered a verdict, and, in the second place, the cause of action alleged in the complaint and counterclaim aggregated only $297.12. The clerk's taxation must be set aside, and he must be directed to tax the defendant's bill of costs, with $10 costs of this motion.

Ordered accordingly.

---

(29 Misc. Rep. 481.)

### MUTUAL LIFE INS. CO. v. KROEHLE.

(Supreme Court, Special Term, New York County. November, 1899.)

JUDGMENT—DEFAULT—VACATION.

Pending suit on a deficiency judgment against a surety for a mortgage debt, plaintiff accepted defendant's offer to pay the deficiency, and agreed to convey the property and claim for deficiency to him on payment of the claim, "with interest and costs." In reply to a request for the amount of interest and costs, plaintiff mentioned the pending action, and the fact that consent to its discontinuance would have to be secured, and gave the items of costs, including one for $75 for this action. Before expiration of defendant's time to answer, a settlement was made, which included costs of plaintiff's attorney in the action. On tender of the taxable costs, plaintiff's attorney contended that the term "costs," in the contract and correspondence, included his fee, and, time for answer having expired, he entered judgment. *Held*, that the judgment should be vacated, and defendant given opportunity to answer.

Action by the Mutual Life Insurance Company against Charles J. Kroehle. Motion to vacate and set aside a default judgment. Sustained.

William Rasquin, Jr., for plaintiff.
Isaac Kugelman, for defendant.

SCOTT, J. The defendant gave his bond as collateral security for the payment of a mortgage for $4,000 held by plaintiff upon certain property in New Jersey. Upon a foreclosure of the mortgage there was a deficiency of $2,128.37, for which this action was brought. As soon as the action was begun, the defendant, through a New Jersey attorney, addressed a letter to plaintiff, offering to pay the deficiency, interest, and costs, if plaintiff would convey to him the property covered by the mortgage. This offer was promptly accepted by the plaintiff, in a letter which said, "If Mr. Kroehle will pay the company amount of claim, with interest and costs, we will convey

the property and claim for deficiency to him." The New Jersey attorney thereupon wrote to defendant, asking the amount of the deficiency, costs, and interest. This letter was answered by the gentleman who acts as attorney for the plaintiff in the present action, mentioning the fact of the pendency of this action in which defendant had appeared, and that it would be necessary to have a consent to a discontinuance of .that action. He gave the items of the plaintiff's claim, including an item reading, "Costs in New York action, $75." A few days later, and before defendant's time to answer or demur to the complaint had expired, a written contract was entered into between plaintiff and defendant, whereby plaintiff agreed to reconvey the mortgaged property to defendant on payment of the sum of $4,545 (being the sum due upon the mortgage, with interest and costs of foreclosure) on or before November 8, 1899, with costs of the plaintiff's attorney in this action. On the appointed day, defendant, with his attorney, appeared at plaintiff's offices, prepared to complete the sale according to the terms of the contract. It will be seen that the amount of plaintiff's costs in this action had not been specifically stated in the contract of sale, and defendant, construing the expression to mean taxable costs, tendered the sum of $20,—an amount sufficient to cover all the costs that had accrued. Plaintiff's attorney, being called in, insisted that the word "costs," as used in the contract and the correspondence, meant, and should be construed as meaning, not only taxable costs, but a fee to himself, as well, and stated that he deemed his services in commencing the action worth $50, and that he would have charged the plaintiff that sum besides his taxable costs. Defendant's attorney demurred to this construction of the contract, and insisted that under it his client was required to pay only taxable costs. Plaintiff's attorney at once left the room, and on the same day entered judgment, including in his judgment his costs, which were taxed at $20.10; such sum including prospective disbursements for execution and satisfaction piece. The defendant's time to answer or demur in this action had expired between the date of the signing of the contract and the agreed date of transfer to him of the property, and it was doubtless in reliance upon the contract that he had allowed himself to get into default. Throughout the correspondence and in the contract there is no mention of any counsel fee to be paid by defendant. The only word used is "costs," which has a well-defined, and, when applied to legal proceedings, universally understood, meaning; and that meaning does not include counsel fees. There is, furthermore, one consideration which makes it entirely improbable that the parties to the contract, in using the word "costs," intended that it should bear any other meaning than that of taxable costs. The defendant had an absolute right at any time before judgment to a discontinuance of the action against him upon payment of the amount claimed, with interest and taxable costs to the date of payment, which is precisely what he offered to pay on November 8th. But in this case he was also entitled to something more. His only obligation to plaintiff was as surety for the payment of the mortgage which had been foreclosed, and, upon payment of the whole amount

due upon the mortgage, he was entitled to an assignment of the judgment for deficiency against the principal debtor, and to a transfer of the property mortgaged. The plaintiff recognized this right of subrogation by its contract of October 25th, and, without clear words expressing a different intention, it is difficult to believe that the plaintiff intended to exact, or defendant intended to agree to pay, a sum in excess of his liability, and in excess of the amount which entitled him, not only to a discontinuance of the action, but an assignment of the securities held by plaintiff. In any event, the defendant was entitled to rely upon the agreement as a settlement of the plaintiff's claim against him, and was justified in permitting his time to answer to expire. Being ready at the appointed time to fulfill the agreement according to its terms, if the plaintiff then elected to refuse to perform, or insisted upon giving to the agreement a construction not apparent from its language, it is at least reasonable that the defendant should be put back in no worse position than he would have been if the agreement had never been made. The motion to vacate and set aside the judgment will be granted, with $10 costs, and defendant permitted to answer or demur within 10 days.

Motion granted, with $10 costs, with leave to defendant to answer or demur within 10 days.