JOHN CAPERNA, Plaintiff, *v.* WILLIAMS-BAUER CORPORATION, Defendant.

City Court of the City of New York, Trial Term, New York County, August 6, 1945.

*George Aronwald* for plaintiff.

*Emanuel Tacker* for defendant.

COLEMAN, J. The question is whether a plaintiff who, in an action under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*), has had a verdict for $1,500, entitling him to judgment against the defendant for $3,000, may, in this court, have an additional award for attorney's fees, as

the statute provides. The question arises, of course, from the fact that the limit of recovery in the court is $3,000.

The plaintiff argues that attorney's fees are an item of " costs " and may be included in the judgment to be entered, which will carry conventional costs. But the difficulty with plaintiff's contention is twofold. The statute which created his right of action itself enumerates the items of recovery, and they are three: unpaid overtime wages, an equal amount as compensation for failure to receive the wages when originally due and reasonable attorney's fees. Nothing less would fully compensate a plaintiff. (*Brooklyn Bank* v. *O'Neil,* 324 U. S. 697; *Overnight Motor Co.* v. *Missel,* 316 U. S. 572.) An award of attorney's fees, then, is an integral part of an employee's recovery and cannot be considered as " costs " incident to recovery. (Cf. *Hutchinson* v. *William C. Barry,* 50 F. Supp. 292.) Indeed, the statute itself (Act, § 16, subd. [b]; U. S. Code, tit. 29, § 216, subd. [b]) discriminates between " fees " and " costs " by providing for " a reasonable attorney's fee to be paid by the defendant, and costs of the action."

Moreover, the term " costs " has " a well-defined, and, when applied to legal proceedings, universally understood meaning, and that meaning does not include counsel fees." (*Mutual Life Insurance Co.* v. *Kroehle,* 29 Misc. 481, 483.) " Costs are certain allowances authorized by statute to reimburse the successful party for expenses incurred in prosecuting or defending an action or special proceeding. They are in the nature of incidental damages allowed to indemnify a party against the expense of successfully asserting his rights in court." (*Stevens* v. *Central Nat. Bank,* 168 N. Y. 560, 566.) They are awarded only pursuant to some statutory provision (*Osborn* v. *Cardeza,* 208 N. Y. 131); and the general term " costs " when used in a Federal statute creating a right of action which may be enforced in any court of competent jurisdiction in the country, State or Federal, " can only mean costs appropriate to the forum in which the action is brought ", to repeat language I used elsewhere (*Boxer* v. *Singerman-Dinel Fabrics Corp.,* N. Y. L. J., April 18, 1942, p. 1645, col. 6). It is only by special statutory provision in New York that a successful litigant can recover attorney's fees as " costs " (cf. General Corporation Law, § 61-a; repealed by L. 1945, ch. 869) just as similar allowances are permitted by certain Federal statutes of which the Copyright Act (Act, § 40; U. S. Code, tit. 17, § 40) is an instance.

The plaintiff cannot have an award of attorney's fees. He may enter judgment for $3,000, with costs, under our State statute, but without interest. (*Brooklyn Bank* v. *O'Neil,* 324 U. S. 697, 714–716.)