361 P.2d 403

**Gregorio ROJAS and Magdalena Rojas, husband and wife, Petitioners,**

v.

**Honorable William E. KIMBLE, Judge of the Superior Court of the State of Arizona, in and for the County of Cochise, Respondent,**

and

**Public Finance Corporation, an Arizona Corporation.**

No. 7175.

Supreme Court of Arizona.

April 19, 1961.

Ramon R. Alvarez, Douglas, for petitioners.

Ben F. Williams, Jr., Douglas, for respondent Public Finance Corp.

STRUCKMEYER, Chief Justice.

This action on a promissory note was commenced in the Justice Court of Precinct No. 2 of Cochise County by Public Finance Corporation, respondent herein. From a judgment of dismissal, respondent appealed to the Superior Court of Cochise County. From a judgment in favor of respondent, petitioners applied to this Court for certiorari asserting a jurisdictional question arising out of the following facts:

Public Finance Corporation, an Arizona corporation, sued on a note, the principal balance due being $180.30. The note provided in addition that if suit were brought, petitioners promised to pay a reasonable attorney's fee which was alleged to be $50. Accordingly, the demand was in the sum of $230.30, together with interest and costs. A verdict was directed in favor of the petitioners in the justice court on the theory that the amount involved was in excess of the jurisdiction of the justice court. On appeal to the superior court judgment was entered against petitioners over their timely objections reversing the judgment entered by the justice of the peace.

At the time of the decision in the court below by Art. 6, § 6 of the Constitution of Arizona, A.R.S., the jurisdiction of the superior court was fixed as original in all controversies amounting to $200 exclusive of interest and costs and as appellate in cases arising in justice courts. A.R.S. Sec. 22–201 provides that justices of the peace shall have exclusive jurisdiction of all civil actions where the amount involved, exclusive of interest and costs, is less than $200.

■ Petitioners in applying to this Court for certiorari urge that for the purpose of determining the jurisdiction of justice courts attorneys fees must be included in the amount in controversy. In Murphey v. Gray, 84 Ariz. 299, 327 P.2d 751, we held that where attorneys fees are allowed by statute that they are to be classed as costs. Hence in such instances they are excluded from calculation of the jurisdictional amount. It is otherwise where attorneys fees are based on an express promise contained in a promissory note. Where so provided they must be considered in determining the amount in controversy for jurisdictional purposes. Caperna v. Williams-Bauer Corporation, 185 Misc. 687, 57 N.Y.S.2d 254; Hinds v. Fine, 162 Kan. 328, 176 P.2d 847; Foster v. H. O. Wooten Grocer Company, Tex.Civ.App., 273 S.W. 2d 461. And see 77 A.L.R. 991 and 167 A.L.R. 1247.

■ Under the authorities the test is whether there is an express promise providing for attorney's fees as in this case. Here the note provides that " * * * in the event an attorney is employed or suit is brought to collect this note, (promisors) agree to pay all costs of collection including a reasonable attorney's fee in addition to the unpaid balance." In a similar case it was specifically held that reasonable attorneys fees are not costs of an action. See J. F. Schneider & Son v. Justice, 293 Ky. 126, 168 S.W.2d 591. Our conclusions are that if the plaintiff sues on the defendants' promise to pay and claims an amount of $200 or more, exclusive of interest and costs, the amount involved is not within the jurisdiction of the justice court.

A further issue involves the jurisdiction of the superior court to enter a judgment against petitioners. Respondent contends that even if the justice court was correct in dismissing the action the superior court having original jurisdiction in matters involving $200 or more could determine the case on appeal.

Art. 6, § 16 of the Arizona Constitution as amended (formerly Art. 6, § 6) fixes the appellate jurisdiction of superior courts as:

"Section 16. The superior court shall have appellate jurisdiction in cases arising in justice and other courts inferior to the superior court as may be provided by law."

A.R.S. § 22–261, subd. A. authorizes a party to a final judgment of a justice of the peace to appeal to the superior court where the judgment or the amount in controversy exceeds $20 exclusive of costs. Rule 80(c) Rules of Civil Procedure, 16 A.R.S., provides that upon *appeal* to the superior court from a justice court judgment, the case shall be tried de novo.

We have repeatedly held that a trial de novo means a new trial "as though it were one of original jurisdiction in the superior court." [59 Ariz. 36, 122 P.2d 218]. Schnatzmeyer v. Industrial Commission, 78 Ariz. 112, 276 P.2d 534; Vazzano v. Superior Court, 74 Ariz. 369, 249 P.2d 837; Cox v. Superior Court, 73 Ariz. 93, 237 P.2d 820; Lane v. Ferguson, 62 Ariz. 184, 156 P.2d 236; Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215; Manning v. Perry, 48 Ariz. 425, 62 P.2d 693. From the above cases respondent seeks to interpret the language to mean that because the appeal is to be tried as though it were one of original jurisdiction, appellate jurisdiction is thereby enlarged to embrace its appeal.

We are unable to agree with respondent's interpretation. In Ex parte Coone, 67 Ariz. 299, 195 P.2d 149, 152 its position was explicitly repudiated:

"'* * * If the inferior court had no jurisdiction, an appeal from its decision gives the appellate court no jurisdiction, except to dismiss the prosecution for want of jurisdiction in the lower court, even though the appellate court would have had jurisdiction had the action originated therein, as its jurisdiction is predicated and dependent on the jurisdiction of the inferior court; and the fact that the case is tried de novo in the superior court does not enable that court to treat the action as though it had been commenced therein; * * *.'"

While a trial de novo means a new trial as though it were one of original jurisdiction in the superior court, this does not mean that the superior court may treat the action as though it had actually been commenced therein in order to escape jurisdictional limitation imposed by the Constitution or statutes. Jurisdictional limitations to hear and determine the case remain the same as were imposed upon the court from which the appeal arose. The appellate jurisdiction of the superior court may not be enlarged by pointing to that court's original jurisdiction which might have been invoked had the proceeding been initiated there. We point out again that jurisdiction may not be waived and can be raised at any stage of the proceedings. Estate of Baxter, 22 Ariz. 91, 194 P. 333.

Judgment reversed.

BERNSTEIN, V. C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.