Richard F. Kuhnen, J.
This motion arises out of a personal injury lawsuit tried in Chemung County in May of 1973. In two separate actions plaintiff Rose sued Thau and Lucy. Pursuant to the right of action afforded defendant tort-feasors in Dole v. Dow (30 N Y 2d 143), petitioner Thau commenced a third-party action for proportional indemnification against Lucy. All actions were tried jointly. The jury found for plaintiff in both main actions and on the third-party action the damages were apportioned. Judgments were entered for plaintiff in the two main actions and also for the petitioner Thau against respondent Lucy on the third-party claim. Thereafter, Lucy entered a judgment with an award of costs of $150 against Thau. Petitioner Thau now asks that judgment entered by Lucy be vacated on the ground that there was no action pending by Lucy against Thau, no pleadings were served, and there is, therefore, no basis upon which to enter the judgment and to allow costs.
The question presented is whether Thau’s judgment was . validly entered in the absence of formal pleadings.
*388 In the wake of the confusion created by the new Bole rule and the procedural uncertainties that have accompanied it, the courts have been liberal in allowing claims without proper pleadings. Cross claims have been permitted in the absence of any pleadings and, the Appellate Division, Second Department, has held that in order to avoid prejudice under the Bole rule courts should, sua spónte, charge that the jury should determine the proportionate responsibility of each defendant. (Stein v. Whitehead, 40 A D 2d 89.) Although the courts have not been quite as liberal with counterclaims, such claims have been allowed as late as eve of trial. (Sanchez v. Hertz Rental Corp., 70 Misc 2d 449; Lipson v. Gewirtz, 70 Misc 2d 599; Meade v. Roberts, 71 Misc 2d 120.) The rationale behind these decisions has been that it would be unfair to deprive a defendant of the benefit of the Bole rule (which is essentially a rule of “ fairness ”) merely because he had failed to assert a claim which would have obviously been invalid at the time of its assertion (pre Bole).
The case here is different, however. Respondent Lucy has already received the benefit of the Bole rule in the court’s charge to the jury. No reason has been presented why she should not be bound by the normal rules of pleading. The theory of an allowance for costs is that a successful party is entitled to indemnification for the expenses of successfully asserting his rights in court. (Benner v. English, 50 Misc 2d 592; Caperna v. Williams-Bauer Corp., 185 Misc. 687.) Respondent Lucy has not been required to do those things for which costs are normally awarded. For example, no action was commenced, no processes were served, no note of issue was filed and it has not even been necessary for respondent to assert additional rights in court. The claim upon which she has entered judgment was by definition included in her defenses to the main and third-party actions.
While the uncertainties that have emerged as a result of the new Bole rule may require liberalization of the rules of pleading in the interests of justice, the problems mil be compounded unless proper and timely pleadings are required where substantial rights are not in jeopardy. The benefits of Bole have already been afforded to respondent Lucy. There is no reason in law or fact for permitting her to enter a judgment with $150 costs in the absence of formal pleadings.
Petitioner’s motion is granted and respondent’s judgment is vacated and set aside.