568 P.2d 1073

**ARIZONA STATE TAX COMMISSION et al., Appellants,**

v.

**PHELPS DODGE CORPORATION and ·Duval Corporation et al., Appellees.**

**STATE TAX COMMISSION of Arizona et al., Appellants,**

v.

**INSPIRATION CONSOLIDATED COPPER COMPANY, a corporation, Appellees.**

**STATE TAX COMMISSION of Arizona et al., Appellants,**

v.

**AMERICAN SMELTING AND REFINING COMPANY, a New Jersey Corporation, and Cities Service Company, a corporation, Appellees.**

No. 12998.

Supreme Court of Arizona, In Banc.

July 21, 1977.

**176**

Bruce E. Babbitt, Atty. Gen. by James D. Winter, Asst. Atty. Gen., Phoenix, Robert O. Lesher, Sp. Asst. Atty. Gen., Tucson, for appellants.

Evans, Kitchel & Jenckes by Leslie T. Jones, Jr., Dean C. Short, II, Phoenix, for appellees Phelps Dodge Corp. and American Smelting & Refining Co.

Bilby, Shoenhair, Warnock & Dolph by David W. Richter, Tucson, for appellee Duval Corp.

Ladendorff & Ridge by G. Henry Ladendorff, Phoenix, for appellee Inspiration Consolidated Copper Co.

Morris & Malott by James R. Malott, Jr., Globe, for appellee Cities Service Co.

STRUCKMEYER, Vice Chief Justice.

This is a consolidation of separate appeals perfected by the Arizona State Tax Commission against five mining companies. Jurisdiction was accepted on petition to transfer under Rule 47(e), Rules of the Supreme Court. Reversed.

The appellees initiated their actions in 1973 and 1974 in the Superior Court pursuant to A.R.S. § 43–177(f)(2),[1] following hearings on their protests to additional tax assessments. The Superior Court entered summary judgments on appellees' motions for the reason that the decisions of the Tax Commission were void for failure of the Commission to make findings of fact and conclusions of law as required by A.R.S. § 41–1011 of the Administrative Procedure Act.

A.R.S. § 43–177(e) and (f) provided the procedures to be pursued by taxpayers protesting proposals of additional tax. Section 43–177(f)(2) provides in part:

"The superior court shall hear and determine the appeal as a trial de novo."

We said in *Rojas v. Kimble,* 89 Ariz. 276, 361 P.2d 403 (1961):

"We have repeatedly held that a trial de novo means a new trial 'as though it

---

1. Section 43–177(f)(2) has been amended and replaced by A.R.S. § 43–177(g).

were one of original jurisdiction in the superior court.' [59 Ariz. 36, 122 P.2d (215) 218]. *Schnatzmeyer v. Industrial Commission,* 78 Ariz. 112, 276 P.2d 534; *Vazzano v. Superior Court,* 74 Ariz. 369, 249 P.2d 837; *Cox v. Superior Court,* 73 Ariz. 93, 237 P.2d 820; *Lane v. Ferguson,* 62 Ariz. 184, 156 P.2d 236; *Duncan v. Mack,* 59 Ariz. 36, 122 P.2d 215; *Manning v. Perry,* 48 Ariz. 425, 62 P.2d 693." 89 Ariz. at 279, 361 P.2d at 405.

■■ The power of the Superior Court under the statute § 43–177(f)(2) was limited to conducting a new hearing into the taxpayers' protests. It was not authorized and consequently did not have the jurisdiction to enter an order granting summary judgment and to remand to the Tax Commission for further consideration. Since the Legislature provided for a trial de novo, it must have considered that the errors, if any, which the Tax Commission made were wholly irrelevant to a determination in the Superior Court.

■ The Administrative Procedure Act, if it is in direct or inferential conflict with the specific legislative provision enacted to control tax appeals, has no application. Special statutes govern over general statutes.

" 'In so far as the provisions of a special statute are inconsistent with those of a general statute on the same subject, the special statute will control, *Knape v. Brown,* 86 Ariz. 158, 342 P.2d 195 (1959); *Whitfield Trans. Inc. v. Brooks,* 81 Ariz. 136, 302 P.2d 526 (1956).' " *State v. Marcus,* 104 Ariz. 231, 234, 450 P.2d 689, 692 (1969), quoting from *Desert Waters, Inc. v. Superior Court,* 91 Ariz. 163, 370 P.2d 652 (1962).

■ One further matter has been raised which affects only the Phelps Dodge Corporation. The State urges that the Phelps Dodge Corporation has no legal standing to resist the assessment of additional taxes or to appeal from the ruling of the Tax Commission. What seemingly occurred is that the Phelps Dodge Corporation in 1966 requested permission of the Tax Commission to change from its traditional separate accounting method to an apportionment method. Permission to make the change was denied. Nevertheless, Phelps Dodge changed its accounting method. This, it is asserted, is contrary to § 135–8(a) of the Rules of the Tax Commission. We express some doubt as to whether this is a question of standing rather than a defense on the merits to the protest by the Phelps Dodge Corporation of the assessment of additional taxes. But, irrespective, it is appropriate that the Superior Court in a trial de novo resolve this issue after a full and formal presentation by both sides to the controversy.

It is ordered that these causes are reversed with directions that the Superior Court proceed to a hearing on a trial de novo consistent with the views expressed herein.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.