MADDOX, Justice.
The issue presented here is whether a plaintiff who files a claim in district court to recover $5,000 in damages, and who recovers only $25 in damages in the district court, can appeal to circuit court and claim damages in excess of $5,000, the jurisdictional limit of the district court. We answer the question in the negative, and grant a writ of mandamus directing the circuit court to limit the plaintiffs claim to $5,000.
Petitioner Allstate Insurance Company, the defendant in the district court action, alleges in its petition for mandamus in this Court the following:
*940 “On November 9, 1982, plaintiff filed suit in the District Court of Mobile County seeking $5,000, the jurisdictional limit of said court, for alleged bad faith refusal of defendant to fully reimburse plaintiff for alleged collision damage done to plaintiffs automobile. After a motion to dismiss was denied and an answer filed to the complaint by defendant, the matter proceeded to trial on February 4, 1983. The district judge, after hearing testimony, entered a $25 judgment for plaintiff. On that same day plaintiff filed notice of appeal to the circuit court.
“On March 3, 1983, plaintiff amended his complaint by adding two additional counts each claiming $1,000,000 as damages.
“On March 23, 1983, defendant served its alternative motion to strike and motion to dismiss.
“Defendant’s motion to strike points out that plaintiff appealed this case to the circuit court from a judgment obtained in the district court and thereby obtains a trial de novo in the circuit court; that Rule 13(j) of the Alabama Rules of Civil Procedure limits the amount of recovery to the jurisdictional amount that could have been claimed and recovered in the lower court unless the defendant asserts a counterclaim in excess of the jurisdictional amount of the lower court; that the jurisdictional amount that could have been claimed and recovered in the district court was $5,000; and that defendant had not asserted a counterclaim. Defendant moved the court to strike all claims in excess of the $5,000 jurisdictional limit of the district court on the theory that Rule 13(j) meant what it said and further that the jurisdictional amount of the circuit court had been limited by rule 13(j).”
Rule 13(j) of the Alabama Rules of Civil Procedure specifically provides in pertinent part.
“... If the plaintiff appeals a case to the circuit court from a lower court and obtains a trial de novo in the circuit court, the plaintiff shall be limited in the amount of his recovery to the jurisdictional amount that could have been claimed and recovered in the lower court, unless the defendant asserts a counterclaim in excess of the jurisdictional amount of the lower court.”
There was no counterclaim filed in this case, and plaintiff was the party who appealed. The language of Rule 13(j), Ala.R. Civ.P., is plain. The logic for limiting the plaintiffs damages in circuit court is spelled out in the committee comments, which read as follows:
“Rule 13(j) has no federal counterpart. The first sentence is based on Vermont Rule 13(j). The intent of the remaining portion of Rule 130) is evident from a reading of same. If counterclaims in appealed actions are going to be compulsory, it certainly should follow that the defendant should be permitted to recover his full damage even though it exceeded the jurisdiction of the lower court. The last sentence of Rule 13(j) provides that when a defendant appeals a case from a lower court to the circuit court and obtains a trial de novo, the plaintiff then could recover an amount in excess of the jurisdiction of the lower court. In many cases, in order to bring the case in one of the lower courts, a plaintiff will waive a portion of his claim for a quick and inexpensive trial. The defendant then appeals the case to the circuit court often for the purpose of delaying the collection of the judgment well knowing that there is a lid on the amount of the plaintiffs recovery. In such cases, the plaintiff will be entitled to claim and recover the full amount of his damages in the circuit court. Such a rule, no doubt, would prevent many cases from being appealed to the circuit court either for the purpose of delay only or for the purpose of securing a second trial knowing that he has all to gain and nothing to lose by so doing. The same logic would not apply if the plaintiff appealed and the ... rule provides that should he appeal he would be limited to the jurisdiction of the lower court, except when defendant asserts a counterclaim in excess of the jurisdic- *941 ’ tional amount of the lower court.” (Emphasis added.)
In Harper v. Regency Development Co., Inc., 399 So.2d 248, 254 (Ala. 1981), this Court opined:
“The trial court’s rejection of claimants’ offered amendments to increase their prayer for damages above the jurisdictional level of the district court is mandated by ARCP 13(j). Plaintiffs had the right to claim only a portion of their damages in order to remain within the jurisdiction of the district court; but, by doing so, they destroyed their right, on appeal to the circuit court, to claim the excess. See Hardy v. Tabor, 369 So.2d 559 (Ala.Civ.App.1979).”
For the foregoing reasons, we must grant the petition for a writ of mandamus to the circuit court.
WRIT GRANTED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.