The defendant, Blue Cross and Blue Shield of Alabama, Inc. ("Blue Cross"), brings this appeal by permission granted pursuant to Rule 5, Ala.R.App.P., from an interlocutory order denying its summary judgment motion. The plaintiff, Betty S. Butler, had originally brought her claim in the district court, but, after appealing to the circuit court, filed a motion for voluntary dismissal of her complaint without prejudice; the circuit court granted that motion. The issue is whether the circuit court's dismissal of that first action without prejudice was effective to allow her to bring the present action, which claims damages in excess of the jurisdictional limits of the district court.
Butler had two front teeth restored with a full coverage porcelain crown by Dr. Kim Peters of Tallassee, Alabama. At the time the dental work was performed, Butler was insured under a group health care and dental plan issued by Blue Cross to the State of Alabama. After performing the dental work, Dr. Peters filed a claim for his charges; Blue Cross denied it on the grounds that the dental work done was not medically necessary and was not covered under the plan.
Butler then filed an action against Blue Cross in the District Court of Elmore County on September 23, 1991, seeking benefits she claimed was due under her Blue Cross group health care and dental plan. Butler brought the action under the terms of the Employee Retirement Income Security Act of 1974 (ERISA). The sixth paragraph of her complaint filed in the district court states the following:
 "Plaintiff brings this claim for benefits due and owing pursuant to the terms of the employee retirement income security act of 1974 (E.R.I.S.A.), 29 U.S.C.A. § 1001 et. seq. and 29 U.S.C.A. § 1132."
The ad damnum clause in Butler's complaint stated:
 "Wherefore, the premises considered, Plaintiff demands judgment against Defendant in such an amount as to compensate her for all sums presently due and owing to her under the above described policy of insurance, plus costs and interest to date and reasonable attorney's fees."
Blue Cross filed an answer denying that the dental expenses incurred were covered under the insurance policy and denying that Butler was entitled to any benefits under the contract. In paragraph six of its answer, Blue Cross states, "No answer is required of this Defendant for Paragraph 6." No other reference is made in the answer to Butler's ERISA claim or ERISA's applicability to Butler's claim.
The deposition of Dr. Peters was taken on the order of the district judge. The action was tried before the district court on May 6, 1992. The district judge entered a judgment in favor of Butler in the amount of $570, which was the total cost of the dental expenses.
After the entry of judgment, Butler filed a motion with the district court styled "Motion To Alter or Amend Judgment," requesting that the court include a reasonable fee for Butler's attorney. Butler estimated a reasonable attorney fee to be $2,650. She also requested that the costs of the action, in the sum of $159.30, be made part of the judgment. Blue Cross submitted a response to this motion, arguing: "[A]fter the case was tried, the Plaintiff realized that under the 'Government Plan' exception to ERISA, . . . [s]he was not entitled to attorney's fees. Therefore, it would cause this Defendant extreme prejudice to allow the Plaintiff to alter or amend the judgment because of an error that the Plaintiff made in [her] original pleadings." On June 17, 1992, after holding a hearing, the district judge denied the motion to alter or amend the judgment.
On June 29, 1992, Butler appealed to the Circuit Court of Elmore County for a trial de novo. The circuit court docketed this appeal under case number CV-92-222. Butler filed "Plaintiff's First Amendment to Complaint" on July 28, 1992. That amendment added a *Page 415 
"Count II," alleging that Blue Cross was liable under the terms of the policy for Butler's dental work, and a "Count III," alleging that Blue Cross had in bad faith breached its contractual duty to deal fairly with Butler. The ad damnum
clause demanded judgment against Blue Cross in the amount of $1 million in compensatory and punitive damages.
In open court on August 12, 1992, Blue Cross filed a motion to dismiss this amendment and a memorandum in support of the motion, arguing that Butler had waived the opportunity to amend her complaint because she had not done so in the district court before responsive pleadings were filed. Blue Cross also argued that if the amended complaint were allowed to stand, Butler was limited to collecting damages of $5,000 or less, because that was the jurisdictional limit of the district court. Finally, Blue Cross argued that Rule 13(j), Ala.R.Civ.P., barred the plaintiff from appealing from the district court's judgment and requesting an amount exceeding the district court's jurisdictional limits. On August 12, 1992, counsel for both parties appeared for the hearing on the objection to the appeal. The case action summary sheet contains an August 12, 1992, entry by the circuit judge stating, "Order entered." There is no indication of what this order concerned. It may have been an order denying Blue Cross's objection to the appeal, but, although Butler's brief states that the circuit court denied Blue Cross's objection to her appeal, her brief does not cite a page in the record showing this denial and we cannot find any other indication that the order was denied.
Butler filed a "Motion for Voluntary Dismissal" on September 1, 1992, requesting the court to permit her to voluntarily dismiss her complaint and "refile the Complaint without the restriction imposed by Rule 13(j) of the Alabama Rules of Civil Procedure." Blue Cross filed a response to this motion. On September 21, 1992, the circuit judge held a hearing on the motion for voluntary dismissal and granted the motion, dismissing "the case" without prejudice.
Butler then filed a new complaint in the circuit court on September 23, 1992, alleging bad faith on the part of Blue Cross and requesting $570 in compensatory damages and $1 million in punitive damages, plus interest and costs. This complaint was given case number CV-92-325. Blue Cross filed a motion to dismiss the complaint, with a supporting memorandum brief, on October 16, 1992, arguing that Butler's claims were barred under the doctrine of res judicata. The circuit court held a hearing on this motion; the court, treating the motion as one for summary judgment, denied it. The circuit court entered a subsequent order indicating that the interlocutory order denying summary judgment concerned "a controlling question of law [as to] which there was a substantial ground for difference of opinion, [and] that an immediate appeal from the order would materially advance the ultimate termination of the litigation." We granted permission for that appeal. See Rule 5, Ala.R.App.P.
Blue Cross is correct in arguing that its motion for judgment on the new complaint should have been granted. It was error for the circuit judge to attempt to allow the plaintiff to dismiss her amended complaint without prejudice and then allow her to file a new complaint alleging bad faith on the part of Blue Cross and requesting $1 million in punitive and compensatory damages. The plaintiff stated in her motion to voluntarily dismiss her complaint that she wished to do so to avoid the strictures of Rule 13(j), Ala.R.Civ.P.
Rule 13(j) states the following:
 "If the plaintiff appeals a case to the circuit court from a lower court and obtains a trial de novo in the circuit court, the plaintiff shall be limited in the amount of his recovery to the jurisdictional amount that could have been claimed and recovered in the lower court, unless the defendant asserts a counterclaim in excess of the jurisdictional amount of the lower court."
In this case, Blue Cross filed no counterclaim against Butler. Thus, on appeal from the judgment in her favor, if the circuit court found in her favor after a trial de novo, Butler was entitled to damages only within the jurisdictional limits of the district court. Rule 13(j), Ala.R.Civ.P.; see Ex parteAllstate *Page 416 Insurance Co., 443 So.2d 939, 939-41 (Ala. 1983); Harper v.Regency Development Co., 399 So.2d 248, 254 (Ala. 1981). Ala. Code 1975, § 12-12-30, states that the district court shall have concurrent jurisdiction with the circuit court of all civil actions "in which the matter in controversy does not exceed $5,000." Thus, even on appeal to the circuit court, Butler could not ask for more than $5,000. If a judgment was entered for Butler in the district court, and it was not satisfactory to her, she could not appeal to the circuit court and then try to invoke its original jurisdiction and thereby increase the amount recoverable in her action.
Butler argues that she was entitled to a trial de novo at the circuit court level and that when the circuit court dismissed her amended complaint she should thus have been allowed to bring a completely new action against the defendant in the circuit court. We reject this construction of the right to appeal for trial de novo. If such a construction were adopted, a plaintiff could file in the district court, and if the judgment was not satisfactory, file a new complaint in the circuit court, adding new counts to the district court complaint, and start all over again.
Ala. Code 1975, § 12-11-30(3), states:
 "The circuit court shall have appellate jurisdiction of civil . . . cases in district court. . . . Appeals to the circuit court shall be tried de novo. . . ."
A plaintiff appealing from a district court judgment for a trial de novo in the circuit court has invoked the circuit court's appellate jurisdiction, not its original jurisdiction, unless the defendant files a counterclaim exceeding the jurisdictional limits of the district court.
The Arizona Supreme Court, dealing with a similar problem, stated the following concerning an appeal from a decision of a justice of the peace to the superior court, the Arizona equivalent to an Alabama circuit court: "Even though the [superior] court would have had jurisdiction had the action originated therein, . . . the fact that the case is triedde novo in the superior court does not enable that court to treat the action as though it had been commenced therein."Rojas v. Kimble, 89 Ariz. 276, 361 P.2d 403, 406 (1961).
 "While a trial de novo means a new trial as though it were one of original jurisdiction in the superior court, this does not mean that the superior court may treat the action as though it had actually been commenced therein in order to escape jurisdictional limitations imposed by the constitution or statutes. Jurisdiction limitations to hear and determine the case remain the same as were imposed upon the court from which the appeal arose. The appellate jurisdiction of the superior court may not be enlarged by pointing to that court's original jurisdiction which might have been invoked had the proceeding been initiated there."
Id.
The circuit judge erred in attempting to allow Butler to dismiss her complaint in case CV-92-222 and file a new complaint. Blue Cross correctly argues that Butler cannot do indirectly what she could not do directly. We hereby reverse the denial of Blue Cross's summary judgment motion and remand for the entry of a summary judgment in favor of Blue Cross.[1]
REVERSED AND REMANDED.
HOUSTON, STEAGALL, KENNEDY and COOK, JJ., concur.
[1] Because the circuit court granted the motion for "voluntary dismissal of the complaint" in CV-92-222, the appeal from the district court, under the mistaken understanding that Butler could then file a new complaint unaffected by Rule 13(j), it might be appropriate for the circuit court to reinstate that appeal. However, this appeal in CV-92-325 does not present that question, and we do not decide it. If she is allowed to reinstate CV-92-222, she will be barred by Rule 13(j) from amending her complaint to exceed the jurisdictional limits of the district court. *Page 417