886 P.2d 649

**METRO COLLECTIONS,
Plaintiff–Appellant,**

v.

**Larry G. MEGGERS and Marla
Meggers, husband and wife,
Defendants–Appellees.**

No. 1 CA–CV 93–0131.

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 13, 1994.

Aron & Associates, P.C., Peter M. Balsino, Tucson, for plaintiff-appellant.

**OPINION**

HAIRE, Judge.

This appeal is from the superior court's dismissal of plaintiff-appellant's complaint for lack of subject matter jurisdiction. Because we hold that the superior court had jurisdiction, we reverse.

The pertinent facts and procedural history are as follows. In August 1989 Larry G. Meggers applied for a credit card with Norwest Card Services ("Norwest"). The credit card application, which constituted the written agreement between the parties, provided that Meggers would pay attorney's fees if Norwest had to refer collection of the credit card balance to a lawyer. Meggers defaulted on his payments, and Norwest assigned its interest in this matter to Metro Collections ("Metro").

Metro then filed an action in superior court against Meggers for the credit card balance of $4,980.21 plus $1,659 in attorney's fees. When Meggers failed to file an answer,

Metro moved for entry of default judgment. However, the court on its own motion dismissed the complaint, holding that under Ariz.Rev.Stat.Ann. ("A.R.S.") section 22–201(B) (Supp.1993), the superior court did not have subject matter jurisdiction.

A.R.S. section 22–201(B) provides that justices of the peace "have exclusive original jurisdiction when the amount involved, exclusive of interest, costs and *awarded attorney's fees when authorized by law,* is five thousand dollars or less." (Emphasis added.) The trial court reasoned that even though the parties' contract provided for the payment of attorney's fees, in determining the superior court's jurisdiction under the above-quoted statutory provision, the attorney's fees must be excluded. Since the credit card balance alone was insufficient to vest jurisdiction in the superior court, Metro's complaint was dismissed. Metro has appealed from the superior court's dismissal of its complaint.

The sole issue on appeal is whether attorney's fees claimed pursuant to a contract provision specifically providing for such an award must be excluded in determining whether the amount involved exceeds $5,000 under A.R.S. section 22–201(B). If such attorney's fees must be excluded, then the justice of the peace court has "exclusive original jurisdiction," and the trial judge correctly determined that the superior court lacked jurisdiction.

Prior to 1976, A.R.S. section 22–201(B) did not have a provision expressly providing for the exclusion of attorney's fees when determining the limits of the justice court's exclusive original jurisdiction. At that time the statute merely provided for the exclusion "of interest and costs." In *Rojas v. Kimble,* 89 Ariz. 276, 361 P.2d 403 (1961), the Arizona Supreme Court was faced with the issue whether the language of A.R.S. section 22–201(B) providing for the exclusion of "interest and costs" required the exclusion of attorney's fees based on an express promise in the parties' agreement. In considering a different statutory provision, the court had previously held that attorney's fees based on a statute, rather than the agreement of the parties, constituted "costs." *See Murphey v. Gray,* 84 Ariz. 299, 327 P.2d 751 (1958). In

*Rojas,* the supreme court distinguished *Murphey's* analysis regarding attorney's fees based on statute, and held that when attorney's fees are based on an express promise, they cannot be considered as "costs," but, rather, "must be considered in determining the amount in controversy for jurisdictional purposes." *Rojas,* 89 Ariz. at 278, 361 P.2d at 404 (citations omitted).

As previously noted, at the time *Rojas* was decided, A.R.S. section 22–201(B) merely provided for the exclusion of "interest and costs" in determining the limits of the exclusive original jurisdiction of justice of the peace courts. After the supreme court's decision in *Rojas,* the legislature amended A.R.S. section 22–201(B) by adding language providing that the amount constituting the exclusive jurisdictional limit for justice courts was to be determined, "exclusive of interest, costs and *awarded attorney's fees when authorized by law,* is five thousand dollars or less." (Emphasis added.)

The cardinal rule of statutory construction is to ascertain and give effect to the legislative intent. *Martin v. Martin,* 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988). In determining the legislative intent, "we consider the statute's context, the language used, the subject matter, the historical background, the statute's effects and consequences, and the statute's spirit and purpose." *State v. Korzep,* 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990). Every phrase in a statute should be interpreted so as to have meaning and effect because we "presume that the legislature did not intend to do a futile thing by including in a statute a provision that is non-operative." *State v. Schultz,* 123 Ariz. 120, 121, 597 P.2d 1023, 1024 (App. 1979).

Here, the legislature amended the statute to include the phrase "awarded attorney's fees when authorized by law." The trial court interpreted that phrase to exclude from the jurisdictional amount all attorney's fees, even those claimed pursuant to a contract provision providing for recovery of attorney's fees. Metro urges that the trial court's interpretation renders meaningless the last portion of the added provision. We agree.

If the intent was that all attorney's fees be excluded in determining the jurisdictional amount, there was no reason to add the limiting language "when authorized by law." It is our opinion that the limiting language was intended to refer to attorney's fees authorized other than by the contractual agreement of the parties. Therefore, although it is normally presumed that, by amending a statute, the legislature intends to change the existing law, *State v. Kozlowski*, 143 Ariz. 137, 138, 692 P.2d 316, 317 (App. 1984), we conclude that the amendment here was no more than a codification of the Arizona Supreme Court's decision in *Rojas*. *Cf. Application of Webb*, 150 Ariz. 293, 294, 723 P.2d 642, 643 (1986) (legislature's amendment of A.R.S. section 31–144(A) held to be no more than a codification of the decision in *Pickett v. Boykin*, 118 Ariz. 261, 576 P.2d 120 (1978)).[1]

We conclude that the trial court erred by excluding the requested attorney's fees when computing the jurisdictional amount. The judgment dismissing Metro's complaint is reversed.

GRANT, P.J., and SCHNEIDER, J., concur.

NOTE: Judge LEVI RAY HAIRE, retired, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, §§ 3, 20.

Judge BARRY C. SCHNEIDER, Maricopa County Superior Court, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.

---

**1.** We further note that when the legislature amended subsection B of A.R.S. section 22–201 in 1976 so as to add the language excluding "attorney's fees when authorized by law," a similar change was *not* made in subsection F pertaining to the jurisdictional amount for counterclaims. Subsection F retains the former language merely providing for the exclusion of "interest and costs." If we were to interpret the amended language of subsection B as providing for the exclusion of contractually based attorney's fees, we would be faced with the anomalous situation where contractually based attorney's fees would be excluded in determining jurisdiction on a complaint, but under the *Rojas* interpretation would be included in determining the jurisdictional amount on a counterclaim.