350 P.3d 833

**STRAWBERRY RIDGE ESTATES, LLC, an Arizona limited liability company, Plaintiff/Appellant,**

v.

**GILA COUNTY, a body politic, Defendant/Appellee.**

**No. 1 CA–TX 14–0004.**

Court of Appeals of Arizona, Division 1.

May 26, 2015.

Harper Law Offices, PC By Michael J. Harper, Mesa, for Plaintiff/Appellant Strawberry Ridge Estates, LLC.

---

Gila County Attorney's Office By Bryan B. Chambers, Globe, for Defendant/Appellee.

Judge PETER B. SWANN delivered the opinion of the court, in which Presiding Judge KENT E. CATTANI and Judge LAWRENCE F. WINTHROP joined.

## OPINION

SWANN, Judge:

¶ 1 In this opinion, we hold that a property owner challenging a property tax assessment under A.R.S. § 42–18352(E) is entitled to maintain the action in tax court once the taxes are paid, without regard to the delinquency of the payment.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Strawberry Ridge Estates, LLC ("Strawberry Ridge"), owns multiple parcels of real property ("the Property") located in a residential subdivision in Gila County ("the County"). For tax years 2008 through 2011, Strawberry Ridge failed to pay real property taxes. The Gila County Treasurer ("the Treasurer") sold the tax liens on the Property to CCC & S Family Limited Partnership ("CCC & S").

¶ 3 In 2013, Strawberry Ridge and CCC & S applied to the Treasurer for removal of tax liens and abatement of property tax liability under A.R.S. § 42–18352. Their application alleged that under § 42–18351(A), the County had committed an error resulting in improper imposition of a property tax, because it had assessed the Property based on the incorrect premise that it had previously granted final approval for the subdivision.

¶ 4 The Treasurer denied the application, and Strawberry Ridge and CCC & S filed a complaint in tax court under § 42–18352(E). Strawberry Ridge redeemed the tax lien certificates, then filed an amended complaint. The County filed a motion to dismiss, which the tax court granted on the ground that Strawberry Ridge had no right to maintain an action under § 42–18352(E) because it had not timely paid the taxes as required by §§ 42–11004 and –16210(A). Strawberry Ridge appeals.

## DISCUSSION

¶ 5 This appeal presents a question of law that we review de novo, accepting Strawberry Ridge's allegations as true and resolving all reasonable inferences in favor of Strawberry Ridge. *McDonald v. City of Prescott*, 197 Ariz. 566, 567, ¶ 5, 5 P.3d 900, 901 (App.2000). We liberally construe tax-imposing statutes in favor of taxpayers and against the government. *Ariz. Tax Comm'n v. Dairy & Consumers Coop. Ass'n*, 70 Ariz. 7, 18, 215 P.2d 235, 242 (1950). We avoid constructions that deprive statutes of meaning and effect. *St. Joseph's Hosp. & Med. Ctr. v. Maricopa County*, 130 Ariz. 239, 248, 635 P.2d 527, 536 (App.1981). When the provisions of a specific statute are inconsistent with those of a general statute on the same subject, the specific statute will control. *Ariz. State Tax Comm'n v. Phelps Dodge Corp.*, 116 Ariz. 175, 177, 568 P.2d 1073, 1075 (1977). In such circumstances, the specific statute is regarded as an exception to the terms of the general statute. *Kearney v. Mid–Century Ins. Co.*, 22 Ariz.App. 190, 192, 526 P.2d 169, 171 (1974).

¶ 6 The statutes at issue in this appeal are A.R.S. §§ 42–11004, –16210, and –18352. Section 42–11004, which falls within Chapter 11 (titled "Property Tax"), Article 1 (titled "General Provisions") of Title 42, provides that "[a] person on whom a tax has been imposed or levied under any law relating to taxation may not test the validity or amount of tax, either as plaintiff or defendant, if any of the taxes ... [t]hat are the subject of the action are not paid before becoming delinquent." Section 42–11004 is a general statute that establishes a general rule to serve as "an outline for the more specific statements which are later made." *See Neil B. McGinnis Equip. Co. v. Riggs*, 4 Ariz.App. 556, 558, 422 P.2d 187, 189 (1967). Both § 42–16210 and § 42–18352 are such "more specific statements," setting forth the requirements for specific types of actions. Section 42–16210 provides that the general rule applies to appeals from a county assessor's valuation or classification of property. *See* A.R.S. §§ 42–16201(A), –16210(A). Section 42–18352, by contrast, prescribes a different rule

for appeals from a county treasurer's denial of an application to remove tax liens and abate tax liability.

¶ 7 Section 42–18352 falls within Chapter 18 (titled "Collection and Enforcement"), Article 8 (titled "Abatement of Tax and Removal of Lien") of Title 42. Chapter 18 establishes the authority of county treasurers to collect and enforce taxes through the sale of tax liens. A.R.S. §§ 42–18101 to –18127. Within Chapter 18, Article 8 addresses the grounds and procedure for the removal of tax liens and the abatement of taxes. *See* A.R.S. §§ 42–18351 to –18353. Under §§ 42–18351 and –18352, the county treasurer may remove tax liens and abate taxes, either *sua sponte* or on application by a property owner, if an error or omission resulted in improper imposition of a property tax. Section 42–18352(E) provides that if the treasurer denies the application, the property owner may file an action in tax court:

> A property owner who is aggrieved by an adverse determination on an application pursuant to this section and *who pays the tax* may maintain an action to recover the tax alleged to be illegally collected. If the tax due is determined to be less than the amount paid, the excess shall be refunded in the manner provided by this title.

(Emphasis added.) Under this subsection, the property owner must pay the tax to maintain the action, but the payment need not be timely. Indeed, a requirement for timely payment would make little sense, because Article 8 presupposes a situation in which the county has taken steps to collect unpaid *delinquent* taxes. The remedy provided by § 42–18352(E) would be meaningless if timely payment were required.[1]

¶ 8 The superior court's dismissal of Strawberry Ridge's action was error. Section 42–18352 is a specific statute that establishes an exception to § 42–11004, and § 42–16210 is inapplicable. Strawberry Ridge applied to the Treasurer for removal of tax liens and abatement of property tax liability,

received an adverse decision, and paid the tax (by redeeming the tax lien certificates) shortly after commencing an action in tax court. Strawberry Ridge is therefore entitled to maintain an action under § 42–18352(E).

## CONCLUSION

¶ 9 For the foregoing reasons, we reverse the dismissal of the action and remand for further proceedings on the merits. In the exercise of our discretion, we grant Strawberry Ridge's request for an award of attorney's fees on appeal under A.R.S. § 12–348(B), subject to the limitation imposed by § 12–348(E)(5).

---

1. We acknowledge the tax court's concern that § 42–18352 appears to benefit property owners whose tax payments are so delinquent that the county has sold tax lien certificates on their property. Nevertheless, the language of Article 8 indicates that the Legislature intended to allow such property owners the opportunity to challenge an error or omission outside of the normal statutory time frame.