Rel: September 20, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

### CL-2024-0127

_____

**Fredrick Zackery**

**v.**

**Lucretia Huntley**

**Appeal from Etowah Circuit Court**
**(CV-23-70)**

FRIDY, Judge.

Fredrick Zackery appeals from a judgment of the Etowah Circuit Court ("the circuit court") awarding damages to Lucretia Huntley in her action against Zackery for workers' compensation benefits and unpaid wages. For the reasons set forth herein, we dismiss the appeal to the

extent that it arises from that aspect of the judgment adjudicating Huntley's claim relating to her on-the-job injury with instructions to the circuit court to dismiss that claim, and we reverse as unsupported by the evidence that aspect of the judgment adjudicating Huntley's claim for unpaid-wages.

<u>Background</u>

Zackery is a member of Renaissance House, LLC ("Renaissance"). Renaissance hired Huntley in late July 2021 to work in a group home. Huntley worked at the group home throughout the month of August 2021. In the latter part of that month, Huntley was injured by a fire in the kitchen of the group home. She stayed off work for the following week. She quit her job with Renaissance on August 30, 2021.

In May 2023, Huntley filed an action against Zackery in the Etowah District Court ("the district court"). In her handwritten complaint, she asserted that Zackery had not paid her for all the hours she had worked at the group home and that he had not compensated her for the injury she had sustained and for her pain and suffering. She sought a judgment of "$3,000+". Zackery filed an answer in which he denied that he was responsible for her claims. He wrote that Huntley had worked only

2

twenty-one days and that she had caused the fire in the kitchen. He stated that she called out from work on August 23, 2021, that she presented a doctor's excuse on August 24 excusing her from work until August 29, and that, on August 30, she told her supervisor that she was not going to return to work.

On August 24, 2023, following a bench trial, the district court entered a judgment in favor of Huntley for $1,150. Huntley filed a motion to amend the judgment with attachments, which the district court denied. Zackery filed an appeal to the circuit court.

The circuit court held a trial de novo on January 2, 2024, at which both parties appeared pro se. Zackery described Huntley as "an employee for 21 days in the company that I own." Seemingly to clarify the target of Huntley's claims, the circuit-court judge asked Huntley whether her "claim against Zackery is actually against Renaissance House, LLC," to which Huntley responded in the affirmative. Under further questioning from the circuit-court judge, Huntley confirmed that her request for "$3,000+" in damages was based on pain and suffering from the injury that she had sustained and for the hours she had worked but for which she had not been paid.

3

The circuit court and the parties spent a large part of the hearing discussing the number of hours Huntley had worked during August 2021, how much of that time was considered overtime, the amount that she had been paid during that period, and how much she was still owed, if anything. Because of how we resolve the appeal, there is no reason to detail the testimony and documentary evidence showing the parties' differing positions on how many hours Huntley had worked and whether she was still owed wages. It is sufficient to note that Huntley testified that she had earned wages of $2,820 but that she had been paid only $1,067.81 in a single check dated August 30, 2021, for a difference of $1,752.19. That August 30 check was drawn on a bank account in the name of Renaissance. Testimony and documentary evidence indicated that Huntley was given a second check dated September 15, 2021, for $541.91, which was also drawn on a bank account in the name of Renaissance. Huntley testified that she did not cash that check because the words "final pay" were written in the memo line of the check and, she said, she was told that if she cashed that check, she would have no further recourse against Zackery to obtain the remaining wages she believed that she was owed.

Regarding her claim relating to her on-the-job injury, Huntley testified that she had been burned by a fire that had started in the kitchen of the group home when she was cooking broccoli on the stove. She testified that, after she had been injured and had gone to the doctor, she had asked Zackery for a "workmen's comp form," and that Zackery had replied that he did not have such a form and that she should use her own insurance. Zackery testified in response that the fire in the kitchen had been a grease fire caused by Huntley frying fish and that Huntley had never applied for workers' compensation benefits.

On January 30, 2024, the circuit court entered a final judgment in which it awarded Huntley $1,752.19 in addition to the $541.91 check Renaissance had already provided to her. The judgment further provided that if the check had expired, Zackery was to reissue a check in the same amount to Huntley.

Zackery, represented by counsel, filed a motion for a new trial or to alter, amend, or vacate the judgment. Among other things, he argued that the evidence did not support the award of damages. He also contended that he had not employed Huntley, but, instead, that Renaissance had employed her. As a result, he argued, he could not be

CL-2024-0127

liable to her personally for unpaid wages and workers' compensation benefits. The circuit court denied Zackery's postjudgment motion. Zackery appeals.

Analysis

We turn first to Huntley's claim for benefits relating to her on-the-job injury, which falls under the Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975. Zackery contends that the district court did not have jurisdiction over that claim and, as a result, the circuit court did not properly obtain jurisdiction over that claim in its capacity as an appellate court. We agree.

Section 25-5-81(a)(1), Ala. Code 1975, provides:

"In case of a dispute between employer and employee or between the dependents of a deceased employee and the employer with respect to the right to compensation under this article and Article 2 of this chapter, or the amount thereof, either party may submit the controversy to the circuit court of the county which would have jurisdiction of a civil action in tort between the parties."

This section "grants to the circuit courts and the judges power to adjust controversies under the [Workers' Compensation] Act." 2 Terry A. Moore, Alabama Workers' Compensation § 24:3 (2d ed. 2013). As this court has noted, "Workmen's Compensation cases are required to be brought in

6

circuit court regardless of amount sought." Baggett v. Webb, 46 Ala. App. 666, 672, 248 So. 2d 275, 280 (Civ. App. 1971).

In this case, the undisputed evidence showed that Huntley's injury was an on-the-job injury that was subject to the Workers' Compensation Act. See § 25-5-52, Ala. Code 1975 (providing that Workers' Compensation Act provides exclusive basis for compensation for "injury … occasioned by an accident … proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment"). Indeed, the parties and the circuit court referred to her injury claim as a claim under the Workers' Compensation Act throughout the litigation. However, Huntley did not bring her claim in the circuit court; instead, she filed it in the district court, which did not have jurisdiction to adjudicate the claim.

Because the district court lacked jurisdiction over Huntley's Workers' Compensation claim, the judgment the district court entered, to the extent that it adjudicated that claim, was void. See Hilgers v. Jefferson Cnty., 70 So. 3d 357, 361 (Ala. Civ. App. 2010) ("Because the district court lacked subject-matter jurisdiction over Jefferson County's complaint, its judgment is void."). Because a void judgment cannot

7

support an appeal, Zackery's appeal of the district court's judgment did not properly bring before the circuit court Huntley's workers' compensation claim for de novo adjudication. See id. This is true, even though Huntley's workers' compensation claim could have originated in the circuit court. See id.; Blue Cross & Blue Shield of Alabama, Inc. v. Butler, 630 So. 2d 413, 416 (Ala. 1993) ("'Jurisdiction limitations to hear and determine the case remain the same as were imposed upon the court from which the appeal arose. The appellate jurisdiction of the superior court may not be enlarged by pointing to that court's original jurisdiction which might have been invoked had the proceeding been initiated there.'" (quoting Rojas v. Kimble, 89 Ariz. 276, 361 P.2d 403, 406 (1961))). Thus, to the extent the circuit court's judgment purported to adjudicate Huntley's claim under the Workers' Compensation Act on appeal from the district court's judgment, that portion of its judgment is void. We therefore dismiss that part of Zackery's appeal directed to the circuit court's adjudication of Huntley's workers' compensation claim with instructions to the circuit court to dismiss that claim.

We turn next to Huntley's claim for unpaid wages. Zackery contends that Renaissance was Huntley's employer, not him. He argues

that he did not enter into an employment contract with Huntley or guarantee Renaissance's debts and liabilities. Thus, he argues, he could not personally be liable to Huntley. We agree.

As Zackery points out, a limited liability company is a legal entity distinct from its members. See Merrick v. Merrick, 321 So. 3d 1268, 1271 (Ala. Civ. App. 2020). According to § 10A-5A-3.01, Ala. Code 1975, which is part of the Alabama Limited Liability Company Law, § 10A-5A-1.01 et seq., Ala. Code 1975, "[a] member of a limited liability company is not liable, solely by reason of being a member, for a debt, obligation, or liability of the limited liability company or a series thereof, whether arising in contract, tort, or otherwise."

Although Huntley testified that she worked for Zackery, the only reasonable inference arising from the evidence, taken as a whole, is that Huntley was hired by and worked for Renaissance, not Zackery. Indeed, under questioning by the circuit court, Huntley admitted that her claims actually were against Renaissance rather than Zackery. And the employment, pay, and other documents entered into evidence showed that Huntley worked for Renaissance, not for Zackery personally.

Huntley did not assert her claims against Renaissance, her employer. Instead, she asserted her claims against Zackery, who, as a member of Renaissance, is not liable to her for her employment-related claims. Because Zackery was not liable to Huntley on her claims, the trial court erred in entering a judgment in favor of Huntley and against him personally. As a result, the circuit court's judgment, to the extent that it rested on Huntley's claim for unpaid wages, is due to be reversed.

Conclusion

Based on the foregoing, we dismiss the appeal to the extent that it arises from that aspect of the judgment adjudicating Huntley's claim for workers' compensation benefits arising from her on-the-job injury with instructions to the circuit court to dismiss that claim, and we reverse as unsupported by the evidence that aspect of the judgment adjudicating Huntley's unpaid-wages claim.

APPEAL DISMISSED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, and Lewis, JJ., concur.